ATLANTIC CAPE FISHERIES,
Plaintiff-Appellant,

v.

HARTFORD FIRE INSURANCE
COMPANY, Defendant-Appellee.

No. 74–1332.

United States Court of Appeals,
First Circuit.

Argued Jan. 8, 1975.

Decided Jan. 29, 1975.

Joseph F. Lyons, Boston, Mass., with whom James C. Gahan, Jr., Boston, Mass., was on brief for appellant.

Myrna Putziger, Boston, Mass., with whom William T. Conlan and Gaston Snow & Ely Bartlett, Boston, Mass., were on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant's vessel CORAL KING allegedly sustained damage at sea on September 11, 1971, when a connecting rod bearing seized, causing extensive damage to be done to the engine and its components. On August 25, 1972 appellant commenced an action in federal district court, claiming that its loss, less a deductible, was covered under the terms of a marine insurance policy issued by appellee. Appellee's answer disclaimed liability. When Richard Stevenson, captain of the ship at the time of the casualty and president of appellant corporation, did not make himself available for a deposition, the district court dismissed the action with prejudice to any application that the dismissal be vacated. Appellant urges on this appeal both that there has been no failure on its part to comply with the discovery provisions of the Federal Rules of Civil Procedure and that, even if there has been non-compliance, dismissal is on the facts of this case an impermissibly harsh sanction.

Efforts to depose Stevenson began on May 7, 1973, when appellee gave notice of a deposition scheduled for May 14 and requested that Stevenson bring with him the deck and engine logs from the CORAL KING. The deposition was not taken, and a second notice was given on June 21, 1973, returnable June 29. Appellant filed a motion to quash on the ground that Stevenson had moved to San Diego, and that its efforts to contact him had thus far been unsuccessful. Appellee requested that appellant be nonsuited for failure to produce Stevenson,[1]

and appellant replied that Stevenson was at sea and that efforts to contact him, both directly and through his personal attorney, had been unsuccessful. The motion to nonsuit the plaintiff was denied on January 28, 1974, but the district court ordered that the deposition be held before March 1. Appellee assented to an extension of time for the taking of the deposition to April 15, Stevenson's attorney having learned that Stevenson had left January 7 on a three-month fishing voyage. Appellee filed a second motion for dismissal on May 1, Stevenson still having not appeared, and the district court ruled in a May 29 pretrial conference that appellant would be nonsuited if the deposition were not taken by July 15. The court granted still another extension, to August 24, and finally dismissed the action on August 29:

"There has been no satisfactory showing as to why Captain Richard Stevenson has not been produced for discovery at some time and place since defendant's first attempt to take his deposition was made returnable on May 14, 1973. There may have been a justifiable excuse at the early stages of this litigation but, despite renewed efforts by defendant, the witness, who is crucial to the proper determination of this case, has not been produced. Moreover, and more significantly, there is no indication from plaintiff's motion to extend the time for taking the deposition of Richard Stevenson as to when, if ever, he will be produced."

Appellant's final motion to extend time reported nothing more definite concerning Stevenson's whereabouts than that his vessel had "proceeded from the Pacific Ocean to some location off of the coast of Africa."

Appellant argues that sanctions cannot be imposed upon it as a result of Stevenson's failure to appear, since he had not been designated by the corporation to testify on its behalf as provided

---

1. An alternative asserted ground for dismissal, the failure of appellant to produce for inspection and testing parts of the ship's engine, is not directly relevant to this appeal.

in Fed.R.Civ.P. 30(b)(6). We could accept this conclusion only by turning our backs on the clear language in Rule 37 authorizing the imposition of sanctions on a corporation when an officer, director, or managing agent fails to attend a deposition or comply with a discovery order. Fed.R.Civ.P. 37(b)(2), (d). Not only is it uncontroverted that Stevenson was president of appellant, but he would almost certainly qualify as a managing agent as well.[2] *See generally* 8 Wright & Miller, Federal Practice and Procedure § 2103, at 376–79. Moreover, the Advisory Committee notes accompanying the amendment to Rule 30 which created the 30(b)(6) procedure make it clear that the device "supplements the existing practice whereby the examining party designates the corporate official to be deposed." 48 F.R.D. 487, 515 (1970 Amendments). The notice of deposition and the court orders sufficiently establish that discovery was sought from Stevenson as an official of appellant, not as an individual. *See* Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1126 (5th Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

Although appellant suggests that sanctions could not properly be imposed absent a showing of wilful refusal to produce Stevenson, that contention is clearly wrong, Fed.R.Civ.P. 37(b), (d);

Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); C. Wright, Federal Courts § 90 (1970). Appellant, however, makes the additional argument that here dismissal was too harsh in light of appellant's repeated efforts to produce Stevenson. Since Rule 37 authorizes the district court to make such orders as "are just", the choice of means for dealing with the failure to produce Stevenson was within the discretion of the court. *Diaz, supra,* 427 F.2d at 1126; 8 Wright & Miller, *supra,* § 2284. Far from abusing their discretion, the district judges who handled this matter demonstrated prolonged patience. When finally dismissed, the case had been pending more than two years and had seen repeated postponements, court orders, and communications among counsel and with the court as appellant endeavored to arrange the deposition. The underlying claim, based upon an alleged latent defect in an engine part, is one calling for preparation and testing by a defendant who is to put on an adequate defense. When the case was dismissed, the trial date was less than three weeks in the future. The dismissal must stand, as it is a reasonable invocation of the machinery provided by Rule 37 to assure that discovery is conducted as contemplated by the Federal Rules of Civil Procedure.

Affirmed.

2. The record tells us little about Stevenson's corporate role other than that he was captain at the time of the loss and was at one time president as well. It thus remains unclear what his status was at the time this action was commenced, during the time that discovery was being sought, or when the action was dismissed. Certainly it would be relevant if the corporation had demonstrated that Stevenson had severed his connections soon after the casualty and the corporation had no effective way of encouraging or compelling his appearance, but appellant has made no such suggestion or showing during the course of this litigation. When invited at oral argument to clear up the confusion, counsel for appellant indicated that Stevenson might still be president and possibly also owner of half of the stock of the corporation. We are unwilling to speculate with regard to an issue which appellant did not raise below and did not present to us, and thus proceed on the assumption that Stevenson's connection to the corporation continued during the time that discovery was sought.