**EAST COAST SUPPLY CORP. v. POLYCOAT CORPORATION, et al.**

No. 76 2022 CA (L) 01 1.

Circuit Court, Palm Beach County.

September 17, 1976.

Robert S. Levy, West Palm Beach, for plaintiff.

Stanley H. Spieler, Miami, for defendants.

JAMES R. KNOTT, Circuit Judge.

*Order on motion for sanctions:* Plaintiff served on defendant Polycoat Corporation a notice of taking the deposition of "Bernard Goodman as Secretary/Treasurer of Polycoat Corporation" upon oral examination. The corporate defendant objects, contending that under our Rules of Civil Procedure plaintiff must subpoena its corporate officer in order to take his deposition; that plaintiff is restricted in its notice of taking deposition to naming the corporate defendant as the deponent, which under RCP 1.310(b)(6) "shall designate one or more officers, directors, or managing agents . . . to testify on its behalf."

Defendant's position cannot be sustained. Rule 1.310(b)(6) also provides — "This subdivision does not preclude taking a deposition by any other procedure authorized in these rules."

Florida Rule 1.380(d) authorizes certain sanctions "if a party or an officer . . . of a party . . . fails (1) to appear before the officer who is to take his deposition after being served with a proper notice." As stated by the U. S. Court of Appeals, First District, in *Atlantic Cape Fisheries v. Hartford Fire Ins. Co.,* 509 F.2d 577 (1975), in interpreting a similar provision in the Federal Rules of Civil Procedure —

> Appellant argues that sanctions cannot be imposed upon it as a result of Stevenson's failure to appear, since he had not been designated by the corporation to testify on its behalf as provided in Fed.R.Civ.P. 30(6). We would accept this conclusion only by turning our backs on the clear language in Rule 37 authorizing the imposition of sanctions on a corporation when an officer, director or managing agent fails to attend a deposition or comply with a discovery order. Fed.R.Civ.P. 37(b)(2), (d) . . . Moreover, the Advisory Committee notes accompanying the amendment to Rule 30 which created the 30 (b)(6) procedure make it clear that the notice "supplements the existing practice whereby the examining party designates the corporate official to be deposed."

8 Wright & Miller, *Federal Practice and Procedure,* §2103, states —

> It is expressly stated in Rule 30(b)(6) that the new procedure does not preclude taking a deposition by any other procedure authorized by the rules. Thus a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have. . . .
>
> . . . Thus the corporation is responsible for producing its officers, managing agents, and directors if notice is given, a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear.

See also Panzer, *The New Federal Discovery Rules in Civil Cases* (Rules 26-37, amended effective July 1, 1970).

It is, upon consideration, ordered that defendant Polycoat Corporation shall within fifteen days pay to the plaintiff the sum of $120, representing reasonable expenses, including attorney's fees incurred because of the non-appearance of Bernard Goodman as secretary/treasurer of defendant Polycoat Corporation for the taking of his deposition.