**MITSUI & CO. (U.S.A.), INC., Plaintiff,**

**v.**

**PUERTO RICO WATER RESOURCES AUTHORITY, Defendant.**

Civ. No. 76–1393.

United States District Court, D. Puerto Rico.

Nov. 16, 1981.

Fiddler, Gonzalez & Rodriguez, San Juan, P. R., Ronald A. Cohan, Pettit, Evers & Martin, Los Angeles, Cal., Rafael Rodriguez Lebron, Old San Juan, P. R., Kenneth Bowlin, Johnson, Johnson, et al., San Antonio, Tex., Debevoise & Plimpton, New York City, for plaintiff.

Luis A. Lugo, Jr., San Juan, P. R., and Kenneth M. Cushman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

Alberto Picó of Brown, Newsom & Cordova, San Juan, P.R., and Donald B. Lewis, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for non-parties United Engineers & Constructors, George W. Golding, S. J. Pattison and R. W. Stewart.

---

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The matters before the Court are:

1. Defendant, Puerto Rico Water Resources Authority's (hereinafter referred to as PRWRA) Motion for a Protective Order under Federal Rule of Civil Procedure 26(c) Against the Taking of Depositions Noticed under date of July 10, 1981, purportedly under Federal Rule of Civil Procedure 30(b)(6), filed on August 17, 1981, and a Memorandum in support thereof;

2. Plaintiff, Mitsui & Co. (U.S.A.)'s (hereinafter referred to as Mitsui) Motion under Federal Rule of Civil Procedure 37(a)(2) and (4) and for an Order to Compel the Designation of Witness(es) pursuant to Rule 30(b)(6) and for the Award of Expenses and under Rule 37(b) for the Imposition of Sanctions, filed on August 28, 1981, and a Memorandum in support thereof;

3. PRWRA's Reply Memorandum in Support of its Motion for a Protective Order and in Opposition to Mitsui's Motion for Sanction, filed on September 3, 1981; and

4. PRWRA's Motion for a Protective Order Under Federal Rule of Civil Procedure 26(c) Against the Taking of Depositions Noticed under Date of August 11, 1981, Purportedly under Federal Rule of Civil Procedure 30(b)(6), filed on September 16, 1981, and a Memorandum in support thereof.

On June 17, 1981, Mitsui requested, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, that PRWRA designate a person or persons who could testify as to the corporate knowledge on certain issues.[1] PRWRA responded to Mitsui's June Notice by refusing to designate formally a witness or witnesses under Rule 30(b)(6) and by producing voluntarily witnesses who allegedly had knowledge of the subject matter. No attempt was made to prepare witnesses to testify regarding PRWRA's actual corporate knowledge or the knowledge reasonably available to it as required by Rule 30(b)(6). On July 10, 1981, Mitsui served

---

1. See Notice of Deposition dated June 17, 1981, attached as Exhibit B to PRWRA's previous

Motion for Protective Order of July 10, 1981.

upon PRWRA another Notice of Deposition pursuant to Rule 30(b)(6), dated July 10, 1981. On July 20, 1981, a revised version of the July 10th Notice was served on counsel for PRWRA. PRWRA failed to attend the Rule 30(b)(6) depositions scheduled pursuant to the Notice of Deposition dated July 10, 1981, for August, in San Juan, Puerto Rico. Counsel for Mitsui, an interpreter and a court reporter were present since PRWRA had not notified that they would not attend. Counsel for PRWRA alleges that there was a mix-up due to their interpretation of the revised Notice of July 20, 1981, of the Notice of Deposition dated July 10, 1981, as calling for the commencement of depositions not on August 10, but on August 17, 1981. A third 30(b)(6) Notice was served on PRWRA.[2]

The reasons alleged by PRWRA in support of its protective orders and in opposition to the Rule 30(b)(6) depositions are: (1) that the discovery sought through the notices of depositions is beyond the proper scope of discovery under Rule 30(b)(6); (2) that it "is repetitious, burdensome, harassing, oppressive, cumulative" of prior discovery already provided or made readily available to Mitsui; (3) and that it requests information which is attorney work product.

Rule 30(b)(6) of the Federal Rules of Civil Procedure states:

"A party may in his notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules."

PRWRA gives a restrictive characterization to the scope of Rule 30(b)(6) as being designed to save one step in the deposition process by eliminating a deposition designed to ascertain the name of witnesses to be deposed subsequently. PRWRA thus argues that by identifying the names of potential witnesses who have "some" knowledge on specific issues they fulfilled the purpose of Rule 30(b)(6). That is only one of the purposes of the Rule, as amended in 1970.

In *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5 Cir., 1973), cited and quoted by PRWRA in its memorandum in support of the Protective Order, the court stated:

"Rule 30(b)(6) was designed as an optional discovery device to supplement 'the existing practice whereby the examining party designates the corporation [or agency] official to be deposed' [citation omitted]. The purposes of the amendment were stated as (1) reducing the difficulty in determining whether a person deposed is a managing agent, (2) curbing the 'bandying' by which various officers of the corporation are deposed, in turn, but each disclaims knowledge of facts that are clearly known by someone in the organization; (3) protecting the corporation or agency by eliminating unnecessary and unproductive depositions."

Prior to the 1970 Amendment to Rule 30(b)(6), the procedure for taking the deposition of a corporation was to name the corporate official to be deposed on behalf of the corporation. As stated by PRWRA's Motion for Protective Order of August 17, 1981:

"Not infrequently, the corporate officer being deposed would disclaim knowledge of facts sought by the deposing party, making it necessary for a party to take numerous depositions of corporate officers before obtaining the information sought."

PRWRA alleges that the use of Rule 30(b)(6) depositions in the case at bar would

---

**2.** See Exhibit A of PRWRA's Motion for Pro-    tective Order filed on September 16, 1981.

contravene the additional purpose of that Rule, which is to diminish the burden upon corporations by eliminating unnecessary depositions of corporate officials lacking knowledge of matters in dispute. Contrary to PRWRA's allegation, Mitsui's use of Rule 30(b)(6) deposition will serve the purpose of the Rule in diminishing the burden upon PRWRA by eliminating unnecessary depositions through the designation by PRWRA of those persons having the information sought by Mitsui.

Rule 30(b)(6), opposite to PRWRA's contention that the Rule is limited to discovery of facts clearly known to the corporation which could not otherwise be obtained, is an additional, supplementary and complimentary deposition process designed to aid in the efficient discovery of facts. See Advisory Committee Note to Rule 30(b)(6), at 48 F.R.D. 515, *Atlantic Cape Fisheries v. Hartford*, 509 F.2d 577 (1 Cir., 1975).

In *Blankenship v. Hearst Corporation*, 519 F.2d 418 (9 Cir., 1975), defendant's sole objection that the deposition of the publisher of the newspaper against whom the distributor brought anti-trust action would be repetitious with what plaintiff had learned from other sources, was not sufficient to support a protective order against taking the deposition of the publisher where the distributor suggested that the publisher might have had knowledge of certain facts in the case. The testimony of various officers of PRWRA at their deposition revealed gaps in their knowledge regarding specific topics or a complete lack of knowledge about the same,[3] which makes it necessary to depose those persons designated by PRWRA as having the knowledge of the facts or topics sought by Mitsui, which information, as of today, has not been provided by PRWRA. See, e.g., *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121 (D.C. Conn., 1974).

With regards to the "bandying" by certain officers of PRWRA which have been deposed by Mitsui, in *Haney v. Woodward Cotrhop, Inc.*, 330 F.2d 940 (4 Cir., 1964), the court stated as to the refusal of a deponent who admitted he was in charge of certain file, but who refused to answer in respect to the identification of records on the ground that he had not made the investigation (at page 944):

"The cooperative practice in such instances to our knowledge is for the official head to bring with him, or send alone, the person in the office familiar with the record...."

■ Defendant further argues that counsel for plaintiff's justification for the use of Rule 30(b)(6) depositions is based on an unusual interpretation of the purpose of Rule 30(b)(6) and on a misconception that Rule 30(b)(6) somehow "binds" the corporation to the testimony given by designated witnesses. A distinction must be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), *supra*, as a witness who consents to testify on behalf of the corporation, or is an officer, director, or managing agent of the corporation, an employee is treated in the same way as any other witness. His presence must be obtained by subpoena rather than by notice and sanctions cannot be imposed against the corporation if he fails to appear, and his deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness. 8 Wright & Miller, Section 2103, at 374; *Cleveland v. Palmsby*, 75 F.R.D. 654, 656 (W.D.Okla., 1977); *Intercontinental Fibres, Inc. v. United States*, 352 F.Supp. 952, 956 (Cust.Ct., 1972). Many of the individuals deposed by plaintiff are former employees of PRWRA. It is different if the deponent is an officer, director, or managing agent of a corporation that is a

---

**3.** For example, in plaintiff's Memorandum in Support of Motion to Compel designation of witness, see Exhibits 5, 13 excerpts from the transcript of Mr. Dalon's deposition of September 26, 1980; Exhibit 7 excerpts from the transcript of Mr. Ramírez' deposition of July 20, 1981; Exhibit 19 excerpts from the transcript of Mr. Lizasoain's deposition of July 22, 1981; Exhibit 20 excerpts from the transcript of Mr. Matta's deposition of October 17, 1978.

party to the suit. Rule 32(a)(2) of the Federal Rules of Civil Procedure allows the introduction into evidence by an adverse party for any purpose of the deposition of "anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association". As to defendant's contention that "Rule 30(b)(6) is not designed nor intended to be a vehicle for the production of documents by a party", Moore states in 4A Moore's Federal Practice, Section 30.55(1), at 30–69 to 30–70:

"Prior to 1970, there was some doubt as to whether it was necessary to serve a subpoena duces tecum upon a party, or an officer or managing agent of a corporate of other party, for the production of documents upon the taking of a deposition. In early editions of this Treatise the authors took the position that it was not. The purpose of a subpoena duces tecum, just as of a subpoena ad testificandum, is to insure that the witness does what is demanded of him—appear and testify, or appear and testify and produce documents. If a subpoena ad testificandum is not necessary where a party is concerned, neither should a subpoena duces tecum be. A different agreement might have been made under the original form of Rule 45(d), which required an order of court for issuance of a subpoena duces tecum in connection with the taking of a deposition, but that requirement has been deleted from the amended Rule. As far as a party is concerned the issuance of a subpoena duces tecum seems like an empty formality. And designation in the notice to take a deposition concerning the papers desire to have produced has been held sufficient, although there was authority to the contrary."

Professor Moore summarizes at page 30–72:

"Prior to the 1970 revision of the discovery rules, a party desiring to take the deposition of another party could designate in the notice of deposition the papers, documents, and the like to be produced at the examination of the party.

This, however, was essentially only an invitation so far as the production of the papers, documents, and the like were concerned, for if the party from whom the papers, documents, and the like are sought refuses to comply with the notice to produce, his adversary could compel production only by complying with Rule 34.

"The problem is now largely academic. In 1970, Rules 26 and 34 were amended to provide that, except in the case of trial preparation material, no 'good cause' need be shown, and Rule 30(a) was amended to make specific provision for including in a notice to take the deposition of a party-deponent a request for production of documents and tangible things at the taking of the deposition."

■ The notices served on defendant comply with the reasonable particularity requirements of Rule 30(b)(6). The notices are sufficient to inform PRWRA of the matters which will be inquired into at the depositions so that PRWRA can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of Mitsui's potential questions. The notice alone is enough to compel the corporation to comply. It is the duty of the corporation to name and produce one or more persons who consent to testify on its behalf as to matters known or reasonably available to the organization. 8 Wright and Miller, Federal Practice and Procedure, Sections 2103 and 2110. The burden is on the corporation to decide who will appear for it. The Advisory Committee said:

"This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge." 48 F.R.D., at 515.

■ As with interrogatories, depositions should be answered directly and without evasion, in accordance with the information the deposed party possesses, after due inquiry. 8 Wright and Miller, Section 2177,

at 559; *Ruiz v. Hamburg-American Line*, 478 F.2d 29 (9 Cir., 1973). PRWRA must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by Mitsui and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by Mitsui as to the relevant subject matters.

Wherefore, in view of the above, the Court holds that, in conclusion, Mitsui is entitled to a designation of witnesses under Rule 30(b)(6) and to conduct deposition discovery pursuant thereto.

■■ If a corporate party fails to comply with an order requiring it to designate under Rule 30(b)(6), the sanctions of Rule 37(b)(2) of the Federal Rules of Civil Procedure are available. Furthermore, Rule 37(d) of the Rules above named provides sanctions for serious disregard of obligations imposed upon a party by the discovery rules even though the party has not violated any court order. Rule 37(d), dealing with failure to appear for taking of a deposition, applies to a person designated under Rule 30(b)(6) to testify on behalf of a corporate party. 8 Wright and Miller, Federal Practice and Procedure, Section 2291, at 808. The failure to act described in Rule 37(d) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c). The order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later. 8 Wright and Miller, Federal Practice and Procedure, Section 2035, at 262; *United States v. Portland Cement Co.*, 338 F.2d 798, 803 (10 Cir., 1964); *Truxes v. Rolan Electric Corp.*, 314 F.Supp. 752, 759 (D.C.P.R., 1970).

■ Taking into consideration the circumstances as presented by PRWRA, that they misread Mistui's notices of depositions, the Court is of the opinion that it is just and proper to divide the fees and expenses, with PRWRA paying the travel costs and two days of deposition fees and Mitsui paying three days of deposition fees. Mitsui shall file a memorandum of the attorneys' fees and expenses.

Furthermore, Rule 26(c) provides in its pertinent part:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense...."

"All motions under these subparagraphs of the rule must be supported by 'good cause' and a strong showing is required before a party will be denied entirely the right to take a deposition." 4J Moore's Federal Practice, Section 26.69, at 26–494, 26–495.

The general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order, and the existence of attorney-client privilege is not one of those circumstances which would justify an order that a deposition not be taken at all. *Amherst Leasing Corp. v. Emhart, supra; Scovill Manufacturing Co. v. Sunbeam Corp.*, 61 F.R.D. 598 (D.C.Del., 1973); Moore, *supra*, n.1, 8, 9.

At the noticed depositions defendant can object to questions it considers improper, make its objections for the record, stating all the grounds in supports thereof, and proceed to provide the answer.[4]

Rule 26(b)(1) of the Federal Rules of Civil Procedure establishes in part that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action". Under the Federal Rules relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be rele-

---

4. If and when the depositions taken are to be used at the trial of this action for any appropriate reason provided by the Rules of Civil Procedure, then will the Court pass upon the objection raised on the record at the time of the deposition.

vant to the subject matter of the action. *American Ben. Life Ins. Co. v. Ille*, 87 F.R.D. 540, 541, 542 (E.D.Okla., 1978).

■ In the instant case, PRWRA has failed to sustain its burden of showing the necessity for the issuance of the requested protective order.

Accordingly, the Court ORDERS that PRWRA's motions for protective orders, be and are hereby DENIED, and Mitsui's motion to compel designation of witness(es) and for award of expenses, is hereby GRANTED; and FURTHER ORDERS Mitsui to file a memorandum of the attorneys' fees and expenses.

IT IS SO ORDERED.