**Paul N. PAPAS, II, et al, Plaintiffs,**

**v.**

**Margaret HANLON, et al, Defendants.**

**Civ. A. No. 86–0034–C.**

United States District Court,
D. Massachusetts.

Sept. 22, 1986.

Paul N. Papas, pro se.

Marion L. Pierson, pro se.

John B. Amado, pro se.

Karl & Linda Hauge, pro se.

Paul R. DeRensis, Richard D. Bickelman, Deutsch, Williams, Brooks & DeRensis, Leonard Kopelman, Kopelman & Paige, Boston, Mass., for defendants Hanlon, O'Brien & McCormack.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Paul N. Papas, II, acting *pro se*, against two Registrars of Voters for the Town of Hanson, and the town treasurer. The action also purports to run against two persons named Hauge who are not otherwise identified in plaintiffs' complaint. The complaint fails to make any allegation against them. The action purports to be brought on behalf of Mr. Papas, Marion L. Pierson, and John B. Amado.

It should be noted that Mr. Papas is not an attorney or a member of the bar of this Court and as such he has no authority to file a lawsuit on behalf of either Pierson or Amado. This Court, as has been explained to Mr. Papas and his purported clients in open court, treats the references to Pierson and Amado as nullities and therefore considers the case as being one where Mr. Papas is the only plaintiff.

The matter came before the Court on defendants' motion to dismiss complaint or for preclusion order under Rule 37(b)(2) of the Federal Rules of Civil Procedure and also on the basis of defendants' motion under § 37(d) of the Federal Rules of Civil Procedure for an order dismissing the complaint because of Mr. Papas' failure to appear at his own deposition.

A review of the docket shows that Mr. Papas filed no response to either of these motions and, after hearing, I rule that both motions, on the record of this case, are well taken and that Mr. Papas' *pro se* complaint should be dismissed because of his total refusal to make discovery. *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410 (1st Cir.1981), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63; *Atlantic Cape Fisheries v. Hartford Fire Insurance Company,* 509 F.2d 577 (1st Cir.1975).

Order accordingly.