See also 130 F.R.D. 641.

**In re AIR CRASH DISASTER AT DE-
TROIT METROPOLITAN AIRPORT
ON AUGUST 16, 1987.**

**MDL No. 742.**

United States District Court,
E.D. Michigan, S.D.

April 13, 1989.

Charles Brewer, Phoenix, Ariz., Stanley Chesley, Cincinnati, Ohio, Lee Kreindler, New York City, Gerald Lear, Thomas Meehan, Washington, D.C., Richard Schaden, Birmingham, Mich., for plaintiffs' Steering Committee.

Carroll E. Dubuc, Laxalt, Washington, Perito and Dubuc, Washington, D.C., for defendant, Northwest Airlines.

John J. Hennelly, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., Donald E. Shely, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant, McDonnell Douglas.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On February 10, 1989, the Defendant, McDonnell Douglas Corporation (MDC), filed a Motion to Compel Production of Witnesses by the Defendant, Northwest Airlines, Inc. (Northwest).[1] In its motion, MDC seeks to depose the following persons: (1) R.S. Cavill, (2) Alan Chapman, and (3) two unnamed witnesses pursuant to Fed.R.Civ.P. 30(b)(6).[2] On February 14, 1989, and February 17, 1989, Northwest filed pleadings in opposition to the instant motion, contending that MDC's application is without merit. For the following reasons, this Court will grant MDC's Motion to Compel.

### I.

On February 8, 1989, MDC deposed Captain R.S. Cavill, who was the Director of Flight Operations for Northwest prior to the corporate merger with Republic Airlines. During the deposition, MDC focused upon a portion of a letter that had been written by Captain David R. Haapala on April 3, 1987 and forwarded to Frank Lawson, a copy of which was transmitted to R.S. Cavill:

As you know, Northwest does not use the flight director during takeoffs for any of our airplanes, including the 757. There are two basic reasons for this:

---

1. MDC's Motion to Compel Northwest to Produce Witnesses for Depositions, February 10, 1989 (Pl. 398). *See also* Motion to Compel Northwest to Produce Witnesses for Depositions, February 3, 1989 (Pl. 346). This Order disposes of these two motions.

2. In an earlier Motion to Compel (dated February 3, 1989), MDC requested the production of David Prentice and three of the four persons who have been listed above. Northwest contends that it produced Prentice on February 8, 1989. Because MDC has not sought the production of Prentice as a deposition witness in the instant motion, this Court deems the issue regarding his required attendance for deposition to be moot.

1. Because is it not protected against the windshear case.[3]

During the course of the deposition, Cavill was advised by the Northwest counsel not to respond to the MDC question regarding this letter on three separate occasions. Shortly thereafter, Northwest's counsel stated, "This witness is going back to Minneapolis.... This deposition is closed."[4]

It is the contention of MDC that this conduct by the Northwest counsel contravened established discovery rules and, as such, requests this Court to compel the continuation of the Cavill deposition. However, Northwest, in opposition to the MDC motion, insists that it instructed Cavill not to reply because (1) other deponents had previously answered the same questions, and (2) the subject of inquiry was not within the deponent's expertise.

■■■ Rule 30(c) of the Federal Rules of Civil Procedure provides that "[e]vidence objected to [at a deposition] *shall be taken* subject to the objections." Fed.R.Civ.P. 30(c) (emphasis added). This provision has been interpreted as prohibiting counsel from directing a deponent not to answer a question, in the absence of a claim of privilege. As a general rule, if counsel has an objection to the deposition question, he should (1) assert the nature of the objection and, thereafter, allow the deponent to respond or (2) affirmatively act to terminate or limit the examination pursuant to Rule 30(d). *Ralston Purina Co. v. McFarland,* 550 F.2d 967, 973 (4th Cir.1977); *Alexander v. Cannon Mills Co.,* 112 F.R.D. 404, 405 (M.D.N.C.1986); *First Tennessee Bank v. Federal Deposit Insurance Corp.,* 108 F.R.D. 640 (E.D.Tenn.1985); *Hangar, Inc. v. Basic Line, Inc.,* 105 F.R.D. 173, 175 (D.Mass.1985); *Usery v. Brandel,* 87 F.R.D. 670, 682 (W.D.Mich.1980); *cf. Eggleston v. Chicago Journeymen Plumbers' Local 130,* 657 F.2d 890, 903 (7th Cir.1981); *Lapenna v. Upjohn Co.,* 110 F.R.D. 15, 19–20 (E.D.Pa.1986). However, an instruc-

tion not to answer may be appropriate when the question posed is clearly argumentative or misleading. *See Lapenna v. Upjohn Co.,* 110 F.R.D. at 19; *In re Folding Carton Antitrust Litigation,* 83 F.R.D. 132 (N.D.Ill.1979); *Kamens v. Horizon Corp.,* 81 F.R.D. 444 (S.D.N.Y.1979).

The comments of the court in *Shapiro v. Freeman,* 38 F.R.D. 308, 311–12 (S.D.N.Y. 1965), are particularly appropriate in the case at bar:

> It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders ... It is time that depositions be conducted by members of the bar in a cooperative manner, in accordance with both the letter and the spirit of the rules, without petty bickering and without intervention by busy courts with more important matters pressing for attention.

■■■ On the basis of the record, this Court concludes that the counsel for Northwest improperly instructed Cavill not to answer the question posed. Accordingly, Northwest is directed to produce Cavill for a second deposition on or before April 22, 1989. Northwest's request for a Protective Order concerning the Cavill deposition is denied.

## II.

On December 27, 1988, Northwest advised MDC that it would provide for the attendance of Alan Chapman, the Northwest Maintenance Controller in Minneapolis, for a deposition in Washington, D.C. during the week of January 3, 1989. MDC asserts that Northwest scheduled Chapman as the last of six persons to be deposed during that week. It is further claimed that shortly before 5:00 p.m. on Thursday, January 5, 1989, Northwest informed MDC

**3.** Letter from David R. Haapala, Manager, Flight Standards, Northwest Airlines, Inc., to Frank Lawson, B–747 Customer Engineering, Boeing Commercial Airplane Co., April 3, 1987, Exhibit 5 to Cavill Deposition, at 5; *see* Exhibit F to MDC's Reply Brief, February 27, 1989 (Pl. 447).

**4.** Cavill Dep. at 59, Exhibit B to MDC's Reply Brief (Pl. 447).

that Chapman was obligated to return to Minneapolis for business purposes and, therefore, would not be available for his deposition on the following day.

On February 1, 1989, MDC filed a second notice of deposition,[5] in which it requested the attendance of Chapman on February 8, 1989 at 9:30 a.m. In a letter, dated February 2, 1989,[6] Northwest advised MDC that it could not guarantee Chapman's presence at the February 8th deposition because he would be attending a company maintenance training school until February 24, 1989.

Northwest opposes this MDC request because it believes that MDC intends to question Chapman about aircraft maintenance, which is ostensibly not relevant to the merits of this case. Northwest also maintains that such questioning is unnecessary and duplicative since MDC had previously deposed other persons, who are associated with Northwest, regarding aircraft maintenance.

Notwithstanding the Northwest position on this issue, these arguments do not provide an adequate basis for excusing its failure to produce Chapman for his deposition on February 8, 1989. As a general rule, a party or person must seek a protective order from the court under Rule 26(c) if he desires not to appear or respond to a discovery request. *See Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 73 (M.D.N.C.1986); 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2116, at 426–27 (West 1970 & Supp.1988). In most circumstances, objections must be filed *before* the date of the deposition. *See United States v. Int'l Business Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y.1976); *see also Truxes v. Rolan Electric Corp.*, 314 F.Supp. 752, 759 (D.P.R.1970). Failure to seek judicial relief prior to this date will preclude a later objection. *Wong Ho v. Dulles*, 261 F.2d 456, 460 (9th Cir.1958); *Mitsui & Co. v. Puerto Rico Water Resource Authority*, 93 F.R.D. 62, 67 (D.P.R.1981); (*citing United States*

*v. Portland Cement Co.*, 338 F.2d 798, 803 (10th Cir.1964)); *Truxes*, 314 F.Supp. at 759; *United States v. Int'l Business Machines Corp.*, 79 F.R.D. 412 (S.D.N.Y. 1978); *Marriott Homes, Inc. v. Hanson*, 50 F.R.D. 396, 400 (W.D.Mo.1970); 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2035 (West 1970 & 1988 Supp.).

■ In the case at bar, it was clearly dilatory and improper for Northwest to allow the scheduled deposition date to pass, wait for MDC to apply to this Court to compel the absent deponent's attendance, and then oppose the motion on the basis of relevance and duplicative evidence. Therefore, since Northwest has offered no other explanation for Chapman's absence from the February 8th deposition, the Court directs Northwest to produce Chapman for a discovery deposition on or before April 22, 1989. Fed.R.Civ.P. 37(d). Finally, this Court concludes that Northwest's failure to produce Chapman was not "substantially justified." Hence, Northwest is directed to pay all reasonable and necessary costs, including attorneys' fees, that may be incurred by MDC in connection with the Chapman deposition. *Id.*

### III.

■ On February 1, 1989, MDC sent a notice to Northwest which expressed its desire to depose an unnamed individual pursuant to Rule 30(b)(6) regarding an exhibit that ostensibly represents the pre-accident flight schedules of the Flight 255 crew (Captain Maus and First Officer Dodds).[7] Northwest failed to produce such a witness on February 8, 1989, the date on which this particular Rule 30(b)(6) deponent was to appear.

■ Northwest maintains that Dorothy Faye DeShazo, the individual whom Northwest would have produced in response to the notice, had been previously deposed by

---

**5.** Notice of Deposition, February 2, 1989 (Pl. 344), Exhibit A to Brief in Support of MDC's Motion to Compel, February 10, 1989 (Pl. 398).

**6.** Letter of February 2, 1989, Exhibit B to MDC's Brief (Pl. 398).

**7.** Notice of Deposition, February 2, 1989 (Pl. 344), Exh. A to MDC's Brief (Pl. 398).

MDC on January 10, 1989. It is the position of Northwest that the earlier questioning of DeShazo concerning the flight schedule at issue makes any further examination of her as a Rule 30(b)(6) witness wasteful and duplicative.

Northwest's objections to MDC's request for a Rule 30(b)(6) witness are untimely. The failure of Northwest to register its objections with this Court prior to February 8, 1989 (the date set for deposition) precludes this Defendant from raising these concerns at this juncture in the discovery process.

This Court further notes that the burden is upon Northwest to identify and produce a deponent under Rule 30(b)(6). *See United States v. Barth*, 591 F.Supp. 91, 97 (D.Conn.), *aff'd in part, rev'd in part on other grounds*, 745 F.2d 184 (2d Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985). Moreover, Northwest

> must make a conscientious good faith endeavor to designate the persons having knowledge of the matters sought by [the discovering party] and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed by [the discovering party] as to the relevant subject matters.

*Mitsui & Co. v. Puerto Rico Water Resource Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981); *see also R.J.F. Fabrics, Inc. v. United States*, 657 F.Supp. 1291, 1294 n. 6 (Ct. Int'l Trade 1987); *Federal Deposit Insurance Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D.Tenn.1986).

If DeShazo does not have a sufficient basis of knowledge upon which to provide detailed testimony regarding the flight schedule exhibit, then Northwest must produce an individual who is competent to discuss the contents of the document. *Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940, 944 (4th Cir.1964) (deponent produced under Rule 30(b)(6) who failed to answer questions regarding identification of records on basis that he had not made the investigation may be redeposed and

must "bring with him, or send alone, the person in the office familiar with the record").

▮ For the foregoing reasons, this Court holds that MDC is entitled to conduct the deposition discovery of a witness under Rule 30(b)(6) regarding the alleged pre-accident flight schedule at issue on or before April 22, 1989. In addition, Northwest shall assume all reasonable and necessary costs, including attorneys' fees, that may be incurred by MDC in its efforts to depose the Rule 30(b)(6) witness. Fed.R.Civ.P. 37(d).

### IV.

On February 3, 1989, a deposition notice was transmitted to Northwest by MDC which requested the production of a Rule 30(b)(6) witness who would testify to (1) the upgrading, if any, of the Digital Flight Guidance System (DFGS) on the accident aircraft, and (2) any supplemental type certification obtained by Northwest from the Federal Aviation Administration (FAA) on the accident aircraft.[8] Three days later (on February 6, 1989), Northwest sent a letter to MDC[9] stating that it did not have sufficient time to identify such a Rule 30(b)(6) witness who could appear at the deposition, which was scheduled for February 8, 1989. In response, MDC directed a letter to Northwest, dated February 7, 1989, which expressed its willingness to conduct the deposition of this Rule 30(b)(6) witness on any date before February 15, 1989 (the liability discovery cut-off date). There is nothing within this record which indicates that Northwest responded to the February 7th MDC correspondence. The requested Rule 30(b)(6) witness did not appear for deposition before February 15, 1989.

Northwest opposes MDC's motion to compel, contending that "[w]hile the DFGS on [the accident] aircraft was upgraded twice after delivery, Northwest has no part in certification of the DFGS or its up-

---

8. Notice of Deposition, February 8, 1989 (Pl. 373), Exhibit C to MDC's Brief (Pl. 398).

9. Exhibit D to MDC's Brief (Pl. 398).

dates." [10] Northwest concludes that, as a result, it could not produce the requested Rule 30(b)(6) witness.

 Northwest's objections are not timely. Northwest had an obligation to take some affirmative steps (*e.g.*, seek a Rule 26(c) protective order) prior to the date of the deposition if a Rule 30(b)(6) witness could not be produced. Therefore, this Court orders Northwest to produce a Rule 30(b)(6) witness who is competent to testify as to the upgrades which were performed on the accident aircraft's DFGS and the supplemental certification, if any, that was obtained from the FAA. Even if Northwest did not participate in any upgrades or supplemental certifications, it must produce a witness who will (1) testify to this effect, and (2) explain Northwest's policy in those areas. The deposition must be conducted on or before April 22, 1989. Finally, this Court directs Northwest to assume and pay all reasonable and necessary costs, including attorneys' fees, that are associated with the deposition of this Rule 30(b)(6) witness. Fed.R.Civ.P. 37(d).

## V.

Although the immense size and complexity of this case has required much of the parties' attention and resources, all future discovery must proceed with the minimal involvement of this Court. In *Carlucci v. Piper Aircraft Co.*, 102 F.R.D. 472, 489 (S.D.Fla.1984), *aff'd in part, rev'd in part on other grounds*, 775 F.2d 1440 (11th Cir.1985), it was pointedly noted that the court should not be required "to drag a party kicking and screaming through discovery." Thus, MDC's request for the appointment of a Special Master and for other relief is denied.

While relatively mild sanctions have been imposed upon Northwest in the instant motion, this Court cautions everyone that future noncooperation or unnecessary motions will necessitate the imposition of more substantial sanctions on the offend-

ing party. Fed.R.Civ.P. 11; Fed.R.Civ.P. 37.

IT IS SO ORDERED.

10. Northwest's Consolidated Opposition Response Brief, February 14, 1989 (Pl. 402), at 4.