**In re Paul A. BILZERIAN, Debtor.**

No. 01–00076–8W7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 29, 2001.

Judith R. Starr, Assistant Chief Litigation Counsel, Securities and Exchange Commission, Washington, DC, for Securities and Exchange Commission.

Philip V. Martino, Piper, Marbury, Rudnick & Wolfe, Tampa, FL, for the Receiver.

Deborah R. Meshulam, Receiver, Piper, Marbury, Rudnick & Wolfe, Washington, DC.

Andrew M. Brumby, Mary Ruth Houston, Shutts & Bowen, Orlando, FL, for HSSM # 7 Limited Partnership.

Robert L. Welsh, U.S. Department of Justice Tax Division, Washington, DC, for United States Department of Justice.

Jeffrey Warren, Bush, Ross, Gardner, Warren & Rudy, Tampa, FL, Steven Berman, Morse, Berman & Gomez, Tampa, FL, for trustee.

Patrick Tinker, Office of U.S. Trustee, Tampa, FL, for United States Trustee.

### Memorandum Opinion on Order Granting Motion for Protective Order

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

This case came before the court on the 26th day of January 2001 on the Emergency Motion of Securities and Exchange Commission for Protective Order (Doc. No. 10)("Motion for Protective Order"). In the Motion for Protective Order, the Securities and Exchange Commission ("SEC") seeks a protective order with respect to a deposition notice ("Deposition Notice") that has been served on the SEC by the debtor, Paul A. Bilzerian ("Bilzerian" or "Debtor"), which noticed a deposition under Fed. Civ. R. Proc. 30(b)(6)[1] of a representative of the SEC for Monday, January 28, 2001 with respect to a motion seeking various relief described below to include dismissal of this Chapter 7 case ("Motion to Dismiss").

### Procedural Background

The Debtor commenced this case by the filing of a petition under Chapter 7 on January 2, 2001. At the time of the filing of his Chapter 7 case, Bilzerian was a defendant in an action, *SEC v. Bilzerian,* Civil Action No. 89–1854 SSH, which has been pending in the United States District Court for the District of Columbia since

1989 and which currently seeks enforcement of a judgment ("SEC Judgment") obtained by the SEC in an original amount (exclusive of interest) in excess of $60 million ("Enforcement Action").

Soon after the filing of this bankruptcy case, the SEC and Deborah R. Meshulam, in her capacity as receiver ("Receiver") in the Enforcement Action, filed the Motion to Dismiss. A hearing has been scheduled with respect to the Motion to Dismiss for February 8, 2001.

The Motion for Protective Order must be viewed in the context of the issues that will be before the court at the hearing on the Motion to Dismiss and the sources of the evidence that will be relied upon by the SEC and the Receiver to support granting of the relief requested.

The Motion to Dismiss seeks the following relief: dismissal of the case for cause under Bankruptcy Code § 707(a), dismissal of the case under the abstention provisions of Bankruptcy Code § 305, a finding that the automatic stay is not applicable to the SEC with respect to the Enforcement Action on the basis that it is an exercise of "police power" within the meaning of Bankruptcy Code § 362(b)(4), relief from the automatic stay for cause under Bankruptcy Code § 362(d)(1), or alternatively, an order excusing the Receiver from compliance with the turnover provisions of Bankruptcy Code § 543.

It is the SEC's position that a deposition of a person with knowledge from the SEC would necessarily require counsel for the SEC to appear and be deposed since that is the only person with knowledge of the matters set forth in the Motion. The SEC contends that such a deposition would yield no unprivileged information and that the Motion to Dismiss is based on matters of public record rather than the personal knowledge of an SEC official. Specifically, it is the SEC's contention that the factual

---

1. Fed. R. Civ. Proc. 30(b)(6) is applicable to the Motion to Dismiss pursuant to Fed. R. Bankr.Proc. 9014 and 7030.

findings needed for the relief the SEC requests are found in various prior decisions of the courts before which Bilzerian has appeared [2] that the SEC contends are binding on this court under the doctrine of collateral estoppel.

Under these circumstances, for the reasons set forth below, the court will grant the Motion for Protective Order and prohibit Bilzerian from taking a deposition of a representative of the SEC in connection with the hearing on the Motion to Dismiss.

### Conclusions of Law

■ Fed. R. Civ. Proc. 30(b)(6) provides that a party may, in a deposition notice, name as the deponent a governmental agency and describe with reasonable particularity the matters on which examination is requested. Consistent with this rule, in the Deposition Notice, Bilzerian has requested the attendance of the "person or persons most knowledgeable of the facts supporting the allegations contained" in the Motion to Dismiss.

Since in this case, such a deposition would require counsel to appear and be deposed, the SEC objects to the deposition on the basis that it "is a totally illegitimate basis for a representative deposition, as such information constitutes opinion work product, subject to the highest level of protection from discovery." Motion for Protective Order at 7 (citing Securities and Exchange Commission v. Rosenfeld, 1997 WL 576021, 1997 U.S. Dist. Lexis 13996 (S.D.N.Y.1997))("Rosenfeld").

Similar to the argument made by the defendant in Rosenfeld, Bilzerian points out that he never requested the deposition of opposing counsel, but rather, the SEC is completely free to choose its designee and seems to have chosen counsel. Thus, it is argued that the SEC has injected the issue of privilege into the discovery question—not Bilzerian.

In response, the SEC points out that under Rule 30(b)(6), the deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." Securities and Exchange Commission v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992) (citing Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, 67 (D.P.R.1981); Marker v. Union Fidelity Life Insurance Co., 125 F.R.D. 121, 126 (M.D.N.C.1989)(under Fed. R. Civ. Proc. 30(b)(6), deponent "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation")).

As discussed in Rosenfeld, in such instances the witness designated would have to have been prepared by those who conducted the investigation and, since the investigation was conducted by the SEC attorneys, preparation of the witnesses would include disclosure of the "SEC attorneys' legal and factual theories as regards ... their opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product." SEC v. Ro-

---

2. Those decisions are:
   1. United States of America v. Bilzerian, 926 F.2d 1285 (2d Cir.1991)(affirming Bilzerian's criminal conviction).
   2. SEC v. Bilzerian, 29 F.3d 689 (D.C.Cir.1994)(affirming SEC Judgment).
   3. SEC v. Bilzerian, 153 F.3d 1278 (11th Cir.1998)(finding SEC Judgment nondischargeable).

4. SEC v. Bilzerian, 112 F.Supp.2d 12 (D.D.C.2000)(finding Bilzerian in contempt).
5. Order Appointing Receiver of December 22, 2000 in the Enforcement Action.
6. SEC v. Bilzerian, 131 F.Supp.2d 10 (D.D.C.2001) (ordering Bilzerian incarcerated for failing to satisfy purgation requirements).

senfeld, 1997 WL 576021 *2–3, 1997 U.S. Dist. Lexis 13996, *6 (S.D.N.Y.1997).

■ "The work-product privilege protects 'work product of the lawyer' by prohibiting 'unwarranted inquiries into the files and the mental impressions of an attorney.'" *Morelli*, at 46 (*Citing In re Grand Jury Subpoenas*, 959 F.2d at 1166). As explained by the Second Circuit in *Morelli*, the touchstone of the work-product inquiry is whether the discovery demand is made "with the precise goal of learning what the opposing attorney's thinking or strategy may be." *Id.* at 46–47.

> Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses. Such material is accorded almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases.

*Morelli*, at 47 (citations omitted).

■ That is not to conclude that opposing trial counsel is absolutely immune from being deposed. There are recognized circumstances that may arise in which the court should order the taking of opposing counsel's deposition. But as discussed by the Eighth Circuit in *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir.1986), "those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case."

■ However, when disclosure of facts would effectively reveal the mental impressions or opinions of an attorney, those facts have been protected from disclosure pursuant to the attorney work product doctrine. *Fiero Brothers, Inc. v. Mishkin*, 1999 WL 1747410 (S.D.N.Y.)*(citing Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir.1986) (work product doctrine barred deposition of opposing counsel where mere acknowledgment of existence of documents selected in process of compiling documents from among voluminous files in preparation for litigation would reveal mental impressions); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85–86 (M.D.N.C. 1987)("even seemingly innocent questions, such as the existence or nonexistence of documents or queries concerning which documents counsel has selected in preparing a witness for deposition may implicate opinion work product")).

Based on the foregoing, it is the conclusion of this court that the taking of the deposition of the SEC—which would necessarily require the taking of the deposition of their lead counsel or someone with knowledge gained exclusively from the SEC's counsel—is not an appropriate use of Fed. R. Civ. Proc. 30(b)(6). To allow the deposition would seriously impinge on the work product of the SEC's primary lawyer and would potentially allow unwarranted inquiries into the mental impressions of their attorney and would produce no non-privileged information relevant to defend against the Motion to Dismiss.

This conclusion is predicated on the position of the SEC that it is entitled to the relief requested as a matter of law based on a factual record totally supported by facts that have been conclusively established by other courts or statements of Bilzerian contained in court filings. The court will limit the record for purposes of the hearing on the Motion to Dismiss to be held on February 8, to such matters.

Under these circumstances, the court is satisfied that there will be no prejudice to

the Debtor. If the factual record established in this fashion does not support the relief requested, however, then the court will not be able to grant the relief requested in the Motion to Dismiss based on that record.

*Conclusion*

For the foregoing reasons, the SEC will not be required to produce a representative for purposes of a deposition with respect to the matters to be heard on February 8, 2001 on the Motion to Dismiss. A separate order has been entered granting the Motion for Protective Order consistent with the conclusions set forth in this memorandum opinion.