**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**The POINTE AT KIRBY GATE, LLC**
**and ServiceMaster Company,**
Defendants.

No. 02–2730 D/V.

United States District Court,
W.D. Tennessee,
Western Division.

March 19, 2003.

Nicholas M. Inzeo, Gwendolyn Young Reams, Deidre Smith, Katharine W. Kores, Esq., Faye A. Williams, Esq., U.S. Equal Employment Opportunity Commission, Memphis, TN, for Plaintiffs.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

DIANE K. VESCOVO, United States Magistrate Judge.

Before the court in this Title VII employment discrimination case is a motion by the plaintiff, the Equal Employment Opportunity Commission ("the EEOC"), for a protective order pursuant to Federal Rule of Civil Procedure 26(c), directing that the deposition of the EEOC not be had. Alternatively, the EEOC asks the court to limit the areas of inquiry at the deposition to "nonprivileged facts garnered during the [EEOC's] investigation." (Pl.'s Mot. for Protective Order at 1.) The motion was referred to the United States Magistrate Judge for a determination. For the following reasons, the EEOC's motion is granted in part and denied in part.

In this case, the EEOC alleges a racially hostile work environment at the assisted living facility where Otis Green was employed as a resident care professional. Residents at the facility allegedly made racist remarks to Green and other employees. The EEOC alleges that the defendants, The Pointe at Kirby Gate LLC and ServiceMaster Company, did not adequately respond to employee complaints about the residents' actions and retaliated against Green for his complaints by terminating his employment. The EEOC has filed suit on behalf of Green and other African American employees who allegedly have been adversely affected by such practices.

On January 21, 2003, the defendants served a Rule 30(b)(6) deposition notice on the EEOC identifying nine specific topics upon which testimony is sought. The topics all arise out of allegations in the EEOC's complaint: the allegations contained in the paragraph entitled "Nature of the Action"; the allegations in paragraphs 7, 8, 10, 11, 12, 13, 14, 15, 16, and 17 of the EEOC's complaint; and allegations in the Prayer for Relief. The EEOC insists, in an affidavit submitted in support of its motion for protective order, that its attorney, Diedre Smith, is the only individual who is competent to testify about the allegations in the complaint and that her testimony is privileged under the attorney-client privilege, the work product doctrine, and the deliberative process privilege. The EEOC further insists that it has provided to the defendants all non-privileged documents from its investigative file and that the 30(b)(6) deposition is designed merely to elicit the mental impressions, legal conclusions, and trial strategies of the EEOC.

The defendants point out that they have not requested the deposition of the EEOC's counsel and that the EEOC cannot unilaterally designate its attorney as its sole competent representative and then invoke privileges to shield the EEOC from testifying. The defendants further assert that they have no interest in uncovering attorney work product or privileged information but only seek testimony as to the facts underlying the allegations. In their response, the defendants identify five alternative representatives: Demetrica Seymour, the EEOC investigator who conducted the investigation into Otis Green's claims; Audrey Bonnor, Enforcement Supervisor in the EEOC's Memphis office; Doris B. Woods, the EEOC's Acting District Director in Memphis; Katherine Kores, the EEOC's Acting District Director who verified the EEOC's answers to the defendants' interrogatories; and/or Otis Green, the defendants' employee.

When a governmental agency is served with a notice of deposition, it must, in good faith, appoint one or more representatives to testify on its behalf, FED.R.CIV.P. 30(b)(6), and prepare its representatives to meaningfully testify on all matters that reasonably may be known to the organization, *see, e.g., SEC v. Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y.1992) (citing *Mitsui & Co. (U.S.A.) Inc. v. Puerto Rico Water Resources Auth.,*

93 F.R.D. 62, 67 (D.P.R.1981) and *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989)). Courts will not prohibit depositions except in extraordinary circumstances. *Salter v. The Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979).

 When opposing counsel is the only representative available to testify, however, a court will ask whether "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . .;(2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir.2002) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986)). *See also In re Bilzerian*, 258 B.R. 846, 849 (Bankr.M.D.Fla.2001) (excusing the Securities and Exchange Commission from its 30(b)(6) obligation when the investigation was solely conducted by SEC counsel and any other representative necessarily would be "someone with knowledge gained exclusively from SEC's counsel"). "Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a . . . protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83, 85 (M.D.N.C.1987).

 In light of the defendants' identification of alternative EEOC representatives who have knowledge of facts underlying the allegations in the complaint, the court finds that a deposition of the EEOC's counsel, Deidre Smith, is unnecessary. To this extent, the EEOC's motion for a protective order is granted. There is no indication, however, that an alternative representative solely would rely on information produced by the EEOC's counsel and thus endanger the attorney-client, work product, or deliberative process privileges. *Compare In re Bilzerian*, 258 B.R. at 849. The court therefore sees no need to prohibit a non-attorney's 30(b)(6) deposition on grounds of attorney-client, work product, or deliberative process privilege. The EEOC, therefore, shall designate one or more persons to answer questions on behalf of the EEOC on the topics identified in the defendants' notice of deposition.

The production of all non-privileged discoverable documents by the EEOC does not preclude the defendants from conducting a 30(b)(6) deposition. *But see EEOC v. American Int'l Group*, 1994 WL 376052, 1994 U.S. Dist. LEXIS 9815 (S.D.N.Y. July 18, 1994) (finding that because defendants had received the EEOC's investigative file, further inquiry should be pursued through contention interrogatories rather than a 30(b)(6) deposition); *SEC v. Morelli*, 143 F.R.D. 42 (S.D.N.Y.1992) (finding interrogatories to be more appropriate discovery device to inquire into the SEC's contentions and quashing a 30(b)(6) deposition). To the extent the defendants seek binding testimony as to the facts of the case or further explanation of the materials the EEOC has provided, a 30(b)(6) deposition is an appropriate discovery tool. *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989) ("Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored"); Order on Plaintiff's Motion for Protective Order, *EEOC v. Dillard Dept. Stores, Inc.*, Civil Case No. 96–CV–3022 (W.D.Tenn., Sept. 28, 1997) (permitting deposition of EEOC investigator while prohibiting deposition of EEOC attorney). The defendants, however, shall not inquire into why facts should be construed a particular way or how the EEOC intends to order its proof. *American Int'l Group*, 1994 WL 376052 at *2–3, 1994 U.S. Dist. LEXIS 9815 at *6 (citing *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y.1992)).

For the foregoing reasons, the EEOC'S motion is granted in part and denied in part. The defendants may not depose the EEOC's counsel Deidre Smith under Rule 30(b)(6). They may, however, depose one or more of the alternative Rule 30(b)(6) representatives identified in their memorandum as designated by the EEOC. At the deposition, the defendants may seek additional explanation of underlying non-privileged facts, but are instructed not to inquire into the EEOC's

reasons for a particular construction of facts, nor into the EEOC's ordering of facts.