**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

**v.**

**C.H. BUTCHER, Sr., et al., Defendants.**

**CIV–3–84–1020.**

United States District Court, E.D. Tennessee, S.D.

April 1, 1987.

---

**MEMORANDUM AND ORDER**

EDGAR, District Judge.

This matter is presently before the Court on appeal by the parties of five different memoranda and orders filed by United States Magistrate Murrian. Specifically, the following memoranda and orders concerning discovery have been appealed and objected to by various parties to this action:

(1) Memorandum and order of June 26, 1986 (Court File No. 300), denying defend-

**6.** Any objection hereto must be made in accordance with Rule 72(a), Fed.R.Civ.P.

ants' motions to compel discovery, without prejudice to renew at a later, more appropriate time;

(2) Memorandum and order of September 15, 1986 (Court File No. 441), denying Motion Nos. 270, 275 and 360 to compel production of six-part memoranda;

(3) Memorandum and order of October 1, 1986 (Court File No. 453), denying the motion for leave to take depositions of Messrs. Underwood, Poling, Hovan, Davis, Early and Isaac, without prejudice;

(4) Memorandum and order of October 16, 1986 (Court File No. 469), denying motion for order to compel production (Court File No. 328); and

(5) Memorandum and order of October 30, 1986, 116 F.R.D. 196 (Court File No. 494), requiring FDIC to redesignate witnesses to answer questions regarding the 13 areas described in defendants' amended Notice of Deposition.

Initially, the Court notes that pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may reverse the decision of the magistrate only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Each of the five outstanding memoranda and orders have been reviewed by this Court in detail in light of this standard of review. Each of the five discovery orders will be discussed below.

■ *June 26, 1986 Memorandum and Order (Court File No. 300):* This initial memorandum and order concerned the defendants', William S. Brown, George W. Ridenour, Sr., and Marie Wilde, motion to compel discovery in connection with certain interrogatories propounded to the FDIC and answering questions propounded to its deposition witnesses (Court File Nos. 274, 281). After careful consideration of the interrogatories and questions propounded to FDIC and its deposition witnesses, Magistrate Murrian denied the discovery as premature. After carefully reviewing the interrogatories and questions propounded to FDIC, this Court agrees with the magistrate's characterization of the interrogatories as "contention interrogatories." This

Court notes that these interrogatories are considered again in the magistrate's memorandum and order of October 30, 1986 (Court File No. 494). After careful consideration of the magistrate's June 26, 1986 memorandum and order, this Court finds no showing that the order is either clearly erroneous or contrary to law. Accordingly, the magistrate's order will be and hereby is AFFIRMED.

■ *September 15, 1986 Memorandum and Order (Court File No. 441):* This memorandum and order concerns defendants' motions to compel production of FDIC's six-part memoranda drafted for legal counsel with regard to various loans at issue in the case (Court File Nos. 270, 275, 360). After an *in camera* inspection of the six-part memoranda, Magistrate Murrian determined that the memoranda were documents protected by the attorney-client privilege and as such, could not be revealed to the defendants. Thus, he denied the motions to compel production. After careful review of the memorandum and order (Court File No. 441), the exhibits to the brief in support of the objection (Court File No. 448), the responses of the defendants (Court File No. 603) and the reply of the defendants to the response of FDIC (Court File No. 735), this Court finds no showing that the September 15, 1986 memorandum and order denying the motions to compel production of the six-part memoranda is either clearly erroneous or contrary to law. Accordingly, this order will be and hereby is AFFIRMED.

*October 1, 1986 Memorandum and Order (Court File No. 453):* This memorandum and order denied the defendants' motion for leave to take depositions of Messrs. Underwood, Poling, Hovan, Davis, Early and Isaac. However, the motion was denied without prejudice. Though the defendants filed a notice of appeal on October 9, 1986 (Court File No. 459), this Court notes that an agreed order was entered concerning the taking of these depositions on March 25, 1987 (Court File No. 792). In that agreed order, the defendants withdrew the notice of appeal. Thus, this Court

finds that the appeal of this memorandum and order is MOOT.

■ *October 16, 1986 Memorandum and Order (Court File No. 469):* This memorandum and order concerned the motions to compel production filed by certain defendants and third-party plaintiffs against third-party defendant, Ernst & Whinney, for inspection and copying of 121 documents which Ernst & Whinney withheld on the grounds of privilege (Court File No. 320). After an *in camera* inspection of all the documents, the magistrate determined that the documents were protected by the attorney-client privilege, having been produced by Ernst & Whinney at the request of legal counsel and, accordingly, denied the motion to compel. A notice of appeal was filed by Defendants Brown, Ford, Lawson and Meredith on October 28, 1986 (Court File No. 485). Rather than filing a brief in support of their objection, the defendants relied and resubmitted their prior brief (Court File No. 329) in support of their motion to compel production. After careful review of the defendants' brief and the magistrate's determinations after an *in camera* inspection, this Court finds no showing that the magistrate's order is either clearly erroneous or contrary to law. Accordingly, the memorandum and order of October 16, 1986 will be and hereby is AFFIRMED.

■ *October 30, 1986 Memorandum and Order (Court File No. 494):* This memorandum and order required FDIC to redesignate witnesses to represent the organization as Rule 30(b)(6) witnesses. It further required these witnesses to answer the contention interrogatories or questions regarding the 13 areas described in the defendants' amended Notice of Depositions. These contention interrogatories or questions are similar to those previously denied by the magistrate's memorandum and order of June 26, 1986 (Court File No. 300) as premature. After carefully reviewing FDIC's brief in support of the objection to the magistrate's October 30th order (Court File No. 514A), this Court finds no showing that the magistrate's memorandum and order is either clearly erroneous or contrary to law.

■ In its brief, FDIC raises concerns with regard to hearsay problems and Rule 612 of the Federal Rules of Evidence. The magistrate's order concerned discovery; FDIC's objections are more appropriately addressed at the time of trial. As the magistrate appropriately found, contention interrogatories which request a party to state what knowledge it has of certain facts are appropriate. Accordingly, FDIC's objections and request for a hearing are overruled and the magistrate's October 30, 1986 memorandum and order will be and hereby is AFFIRMED.

The two outstanding report and recommendations (Court File Nos. 214 and 581) concerning dispositive motions will be addressed by this Court in separate memoranda and orders.

It is so ORDERED.