The FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION

v.

VILLAGE CREEK JOINT VENTURE, et al.

No. CA3–89–845–D.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 21, 1989.

Harry D. Cornett, Jr., Arter & Hadden, Cleveland, Ohio, Samuel J. Winter, Arter & Hadden, Washington, D.C., Steven M. Woghin, William G. Compton, Nancye L. Bethurem, Arter & Hadden, Dallas, Tex., for Federal Sav. and Loan Ins. Corp.

William C. Meier, Robert T. Miller, Jr., Law Offices of William C. Meier & Assoc., Bedford, Tex., for Waterway Park Joint Venture, W. James Conrad, Jr., Charles Powell and Larry B. White.

William J. Shepherd, Jr., Arlington, Tex., pro se.

David Fielding, Fielding Barrett Hunter & Taylor, Fort Worth, Tex., for Jimmy Brown.

Frank Hill, Marcella Olson, Hill Heard Oneal Gilstrap & Goetz, Arlington, Tex., for Village Creek Joint Venture, Waterway Park North Associates, James E. Sowell, Larry F. Beard, Jim Sowell Const. Co., Inc., L.F.B. Investments, Inc.

Marilyn R. Chambers, Snider & Moore, P.C., Arlington, Tex., for Arlington Waterway Joint Venture, Ltd., M.A. Blubaugh.

Richard Jackson, Richard Jackson & Associates, Dallas, Tex., for G. Gipp Dupree, Marathon Properties.

## ORDER

WILLIAM F. SANDERSON, Jr., United States Magistrate.

Pursuant to the District Court's orders of reference filed on October 10 and 25, 1989, respectively, came on to be heard Defendants G. Gipp Dupree and Marathon Properties' Rule 11 Motion to Dismiss and for Sanctions filed on October 6, 1989, and their Motion to Compel Discovery filed on October 24, 1989, and having heard the testimony and arguments of counsel and having considered the pleadings and the parties' post-hearing letters, the court finds and orders as follows:

In their Rule 11 Motion to Dismiss the Movant Defendants seek dismissal of the Plaintiff's action against them based upon Plaintiff's inability to designate a Rule 30(b)(6) corporate representative or other person who will consent to testify on Plaintiff's behalf. The transactions and conduct upon which the present complaint is predicated occurred during the existence and operation of Vernon Savings & Loan Association. During the relevant period of time neither F.D.I.C., Plaintiff, as manager of the F.S.L.I.C. Resolution Fund, nor the Federal Savings and Loan Insurance Corporation had any involvement in the transactions of Vernon Savings & Loan Association. Accordingly, Plaintiff's counsel advised counsel for the moving Defendants, in response to their supplemental deposition notice (duces tecum)—Exhibit A attached to Movant's motion—that neither Plaintiff nor the F.S.L.I.C. had a representative who could appear as Plaintiff's Rule 30(b)(6) representative and that persons with knowledge were either participants in the transaction in question or former employees of Vernon Savings & Loan Association—see Exhibit B attached to Movant's motion.

The motion is predicated upon the legal premise that a party's inability to designate a Rule 30(b)(6) representative is legally equivalent to a party's concession that no factual basis existed for the filing of the alleged offending pleading, in this case Plaintiff's complaint. At the time of the hearing I observed that this appeared to be a rather novel legal argument and gave the moving Defendants' counsel an opportunity to brief the issue further.

The narrow issue presented is distinguishable from those circumstances in which a party has timely failed to designate a Rule 30(b)(6) representative, which ordinarily if established warrants the imposition of sanctions under Rule 37. The Defendants claim that there was no fact basis for naming them as Defendants in this action is refuted by the answers to interrogatories previously served on Defendants' counsel identifying persons with

knowledge. I have found no cases nor have Defendants cited any cases in which a court has held that a party's inability to designate a corporate representative warrants Rule 11 sanctions. Application of Rule 11 in the present case is all the more inapplicable in light of the circumstance that none of Plaintiff's representatives participated in the underlying transaction. Plaintiff's answers to interrogatories coupled with its response to the present motion is sufficient to refute Defendants' claim that no basis in fact exists for their being named as parties-Defendant.

In addition to the absence of any case authority warranting Rule 11 sanctions, it is observed that even after the present motion was filed Plaintiff's counsel urged Movants' counsel to withdraw their motion (see Exhibit 2, letter of counsel dated October 17, 1989, attached to Plaintiff's opposition brief filed on October 30, 1989).

■ Rule 37(a)(4) provides in pertinent part that if a motion be denied the court shall require the moving party or the attorney to pay the party who opposed the motion reasonable expenses occurred in opposing the motion, including attorney's fees. Based upon the foregoing the court finds that the motion as filed was not substantially justified nor are there other circumstances which would make an award of expenses unjust. After considering the testimony of Plaintiff's counsel the court finds that Plaintiff incurred attorneys' time for 12 hours at the rate of $110.00 per hour in opposing the motion and appearing and arguing the motion on Plaintiff's behalf. Further, under the circumstances presented both Movants and their counsel should be held liable for such attorneys' fees.

The Defendants' Motion to Compel is predicated on Plaintiff's failure to advise their counsel of a documents production which took place on September 26, 1989, in response to a documents request made by other Defendants. Apparently Movants' counsel had no prior notice, and following his inquiry to Plaintiff's counsel, Plaintiff's counsel informed Mr. Jackson that the documents called for in Movants' request would be produced at a mutually conve-

nient time. The letter also stated, in part, that:

> The request for production promulgated by [counsel for the defendants] did not bestow a right to inspection upon the remaining Defendants. For this reason, no other party was invited to the September 26th document production. Any defendant wanting to inspect documents must first serve us with a Rule 34 request for production and then make arrangements to inspect the responsive documents at a mutually convenient time and place. (See Exhibit "C" attached to Defendants' motion).

Taken in isolation this statement could be construed as suggesting that a non-requesting party is not entitled to the benefit of discovery initiated by another. However, in light of the ambiguity between the above quoted language and Plaintiff's counsel's statement that the documents requested would be produced, the conferencing requirement set out in Local Rule 5.1(a) assumed a heightened significance. Based upon the statements of counsel and the pleadings I find that Movants failed to engage in a required Rule 5.1(a) conference as amplified in *Dondi Properties Corp. v. Commerce Savings and Loan Association,* 121 F.R.D. 284, 289–90 (N.D.Tx.1988) prior to the filing of the present motion.

After the motion was filed Plaintiff's counsel wrote Movants' counsel, Mr. Jackson, requesting that the motion be withdrawn and informing him that all documents would be available to him, but that the documents would be produced in a manner to maintain integrity of the documents and to minimize their disruption (See Exhibit "5", attached to Plaintiff's opposition filed on November 9, 1989). Based upon the statements of counsel at the hearing and Mr. Jackson's reply letter (Id. Exhibit "6"), Plaintiff's offer was unacceptable unless it agreed to provide simultaneous examination of the documents by all Defendants. As a result of this interchange, the motion was not withdrawn and Plaintiff filed its opposition to the motion.

■ Although the fact that Plaintiff had agreed prior to the hearing to produce all

documents for inspection on November 16, 1989, suggests that the present motion has been rendered moot, because there may be additional documents requests served in this case, I have determined to address the issue of whether Rule 34 requires a party to allow inspection by all other parties simultaneously or whether it may do so on a sequential basis provided the inspection schedule does not prejudice the interests of a party opponent.

In the present case there is no possibility of prejudice since the production which has now taken place occurred prior to any discovery deadline. Not surprisingly neither side has cited any cases on this proposition, nor have I found any which address the method of inspection. I attribute this absence of authority largely to the fact that attorneys should and do ordinarily resolve such matters without judicial intervention. I can perceive no reasoned basis for precluding a responding party from setting inspection guidelines on the procedures to be followed by inspecting parties, so long as each has an opportunity to inspect all of the documents which have been requested by it or by others. Movants' counsel's suggestion that simultaneous inspection may permit those with common litigation positions to discuss logistics among themselves is a most unlikely occurrence, given the circumstance that a representative of the producing party would ordinarily be present and privy to such discussions.

The present motion is representative of the type of motion practice condemned by this court *en banc* in *Dondi,* supra, at 286. While the filing of this motion expended counsels' efforts and judicial resources, the position taken by Movants was unreasonable and judicial intervention was not necessary.

Accordingly Movants' Motion to Compel will be denied. I further find that Plaintiff has incurred reasonable attorneys' fees and expenses for 5½ hours of attorneys' time at the rate of $110.00 per hour, and that such amount should be imposed as sanctions against Movants' attorney pursuant to Rule 37.

IT IS, THEREFORE, ORDERED that Defendants G. Gipp Dupree and Marathon Properties' Rule 11 Motion to Dismiss is denied and that these Defendants and their attorney, Richard Jackson, jointly and severally, will pay to Plaintiff the sum of $1,320.00 as sanctions.

IT IS FURTHER ORDERED that the said Defendants' Motion to Compel is denied and that their counsel will pay to Plaintiff the sum of $605.00 as sanctions.

The sanctions imposed will be tendered within twenty days of the date of this order.