**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Anthony M. MORELLI, Frank S. Petrone and James Zanengo, Defendants.**

No. 91 Civ. 3874 (PKL).

United States District Court, S.D. New York.

July 30, 1992.

Richard H. Walker, Regional Adm'r for S.E.C. (Jason R. Gettinger, Carmen L. Lawrence, Andrew J. Geist, James D. O'Donnell, Andrew J. Wertheim, of counsel), New York City, for plaintiff.

Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C. (Robert G. Morvillo, Diana D. Parker, Jeremy H. Temkin, of counsel), New York City, for defendant Anthony M. Morelli.

## OPINION AND ORDER

LEISURE, District Judge.

In this civil injunctive action, plaintiff Securities and Exchange Commission ("SEC") now moves the Court, pursuant to Fed.R.Civ.P. 26(c), for a protective order, precluding defendant Anthony M. Morelli ("Morelli") from conducting a deposition of the SEC pursuant to Fed.R.Civ.P. 30(b)(6). For the following reasons, the motion for a protective order is granted.

## BACKGROUND

This is an action brought under Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d)(1), permanently to enjoin defendants, Morelli, Frank S. Petrone ("Petrone") and James Zanengo ("Zanengo"), from misappropriating, communicating and trading on insider information; for disgorgement; and for penalties under the Insider Trading Sanctions Act, 15 U.S.C. § 78u–1. According to the SEC, defendants engaged in activities that violated sections 10(b) and 14(e) of the Exchange Act, 15 U.S.C. §§ 78j(b) & 78n(e), and Rules 10b–5 and 14e–3 promulgated thereunder, 17 C.F.R. §§ 240.10b–5 & 240.14e–3, by participating in transactions involving securities of Kraft, Inc. ("Kraft") immediately before a tender offer by Philip Morris Companies, Inc. ("Philip Morris") for Kraft.

In its complaint, the SEC alleges that, on the morning of October 17, 1988, during the course of his duties as Director of Headquarters Services for Philip Morris at its corporate headquarters in New York, Morelli became aware that his employer was planning a tender offer for Kraft. The SEC contends that after Morelli became privy to this material, non-public information, he communicated it to his son-in-law, Petrone, between 11:50 A.M. and 11:58 A.M. on October 17, and that Petrone then traded on the information, purchasing 25 Kraft call options at 12:02 P.M. According to the SEC, Petrone also communicated this information to Zanengo, a friend of his, as the two prepared to leave for a golf match, which led to Zanengo's purchase of 15 Kraft call options, also at 12:02 P.M. Moreover, the SEC alleges that, after discussing this insider information more fully with Petrone en route to the golf course, Zanengo purchased additional Kraft securities and communicated the information to two other individuals, Frank Husek and Victor Ricciardelli, who also purchased Kraft securities based on this information.

After the filing of the complaint on June 10, 1991 and the timely interposition of answers, the parties began discovery, which included a document demand and interrogatories from defendant Morelli, dated June 24, 1991, pursuant to Fed. R.Civ.P. 33 and 34 and Rule 46(a) of the Civil Rules for the United States District Courts for the Southern District of New York, which restricts interrogatories served at the outset of discovery "to those seeking names of witnesses with knowledge relevant to the subject matter of the action ... and the existence, custodian, location and general description of relevant documents ... and other physical evidence, or information of a similar nature." Subsequently, the SEC served Morelli with Plaintiff's Response to Defendant Anthony M.

Morelli's First Set of Interrogatories and Document Requests, dated July 29, 1991.

According to the SEC, its July 29, 1991 response

> fully answered [Morelli's] interrogatories and provided the defendants with copies of the requested documents.... Not only did the Commission provide the defendants with the requested documents, but it also provided the defendants with access to all non-privileged documents in its possession. Simply put, the defendants have had an opportunity to examine the entire factual basis for this action.

Declaration of Andrew J. Geist in Support of Plaintiff's Motion for a Protective Order, dated November 18, 1991 ¶ 7. In contrast, Morelli asserts that,

> [w]ith respect to the essential allegations in the complaint, plaintiff's responses were devoid of any meaningful information. For example, when asked for the names of any witnesses or the identity of any documents supporting the allegation that defendant Morelli possessed material non-public information, plaintiff [merely].... incorporated into this response [by reference] every substantive witness and virtually all of the documents listed by plaintiff as supporting *all* of the material allegations of the complaint.

Memorandum of Law in Opposition to Plaintiff's Motion for a Protective Order, at 9–10.

In addition to conducting formal discovery, Morelli claims that he has conducted significant informal discovery, including "interviewing every person named by plaintiff as a substantive witness in this case, and for whom no sworn statement was produced." *Id.* Despite this formal and informal discovery, however, defendant contends that he has neither been provided with nor been able to locate any evidence or witness to demonstrate that Morelli was, in fact, privy to insider information, that he communicated material, non-public information to Petrone, or that any of the various purchases of Kraft securities on October 17 were caused by the dissemination of insider information.

Accordingly, on September 11, 1991, Morelli noticed a deposition of the SEC ("Morelli's Notice of Deposition") under Fed.R.Civ.P. 30(b)(6), identifying six specific categories of information for the examination, including the time and place of Morelli's alleged receipt of the insider information; the source and substance of the information allegedly received by Morelli; the substance of the information communicated to Petrone and Zanengo; and the identity of any other individuals to whom information was passed. In response, the SEC filed the instant motion for a protective order pursuant to Fed.R.Civ.P. 26(c), seeking to preclude Morelli from taking the deposition of the SEC or a member of plaintiff's litigation team. In broad strokes, plaintiff contends that the deposition should be barred because it is contrary to the purposes of Rule 30(b)(6), because it is duplicative of the other discovery that has been provided in this action to date and because it seeks information that is protected by both the attorney-client privilege and the work product doctrine.

## DISCUSSION

### A. *Applicability of Rule 30(b)(6)*

Fed.R.Civ.P. 30(b)(6) provides that

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

As explained by the Advisory Committee Notes, Rule 30(b)(6) has three purposes: reduc[ing] the difficulties ... encountered in determining, prior to the deposition, whether a particular employee or agent is a 'managing agent'....; curb[ing] the 'bandying' by which officers or managing agents of a corporation

are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization....; [and] assist[ing] organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. *See also Cates v. LTV Aerospace Corp.,* 480 F.2d 620, 623 (5th Cir.1973) (citing Advisory Committee Notes); *Federal Deposit Insurance Corp. v. Butcher,* 116 F.R.D. 196, 199 (E.D.Tenn.1986) (Murrian, Mag. J.) (Rule 30(b)(6) intended "to curb any temptation a [litigant] might have to shunt a discovering party from 'pillar to post.'"), *aff'd,* 116 F.R.D. 203, 205 (E.D.Tenn.1987).

■ Thus, under Rule 30(b)(6), the deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 67 (D.P.R.1981); *Marker v. Union Fidelity Life Insurance Co.,* 125 F.R.D. 121, 126 (M.D.N.C.1989) (Eliason, Mag. J.) (under Rule 30(b)(6), deponent "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation").

■ The first basis for plaintiff's motion for a protective order is its assertion that Rule 30(b)(6) is only intended to apply "to actions in which a governmental agency or someone in its employ has participated in the transactions or events in controversy or has actual knowledge of facts or information relevant to the action." Memorandum of Law in Support of Plaintiff's Motion for Protective Order ("Plaintiff's Motion"), at 6; Reply Memorandum of Law in Support of Plaintiff's Motion for Protective Order ("Plaintiff's Reply"), at 3 ("if the organization lacks firsthand knowledge of the matters on which examination is requested,

then the examination is not within the scope of [Rule 30(b)(6) ]"). However, prior cases have not construed Rule 30(b)(6) so narrowly.

For example, in *Butcher, supra,* 116 F.R.D. at 201, the FDIC was required to produce a deponent who was adequately prepared for the deposition, even though it had not participated in the underlying loan transactions on which the litigation focused. *See also Martin v. Valley National Bank of Arizona,* 140 F.R.D. 291, 315 (S.D.N.Y.1991) (Dolinger, Mag. J.) (allowing Rule 30(b)(6) deposition of Secretary of Labor). Moreover, the focus on adequate *preparation* of the Rule 30(b)(6) deponent in *Mitsui & Co., supra,* 93 F.R.D. at 67, and *Marker, supra,* 125 F.R.D. at 126, undermines plaintiff's assertion that first-hand knowledge and involvement in the underlying transaction is required for a Rule 30(b)(6) deposition. *See also Ierardi v. Lorillard, Inc.,* 1991 WL 158911, 1991 U.S.Dist. LEXIS 11887 (E.D.Pa. August 20, 1991) (requiring corporation to prepare Rule 30(b)(6) designee for deposition despite absence of corporate employee with personal knowledge of relevant events).

*Federal Savings and Loan Insurance Corp. v. Village Creek Joint Venture,* 130 F.R.D. 357 (N.D.Tex.1989), cited by the SEC in support of its motion for a protective order, is not to the contrary. *Village Creek* involved consideration of defendant's argument that the failure to designate a Rule 30(b)(6) deponent was a proper basis for imposing the sanction of dismissal under Fed.R.Civ.P. 11, because it was "legally equivalent to a party's concession that no factual basis existed for the filing of [its pleading]." 130 F.R.D. at 358. Although the SEC cites this case to support the proposition that a Rule 30(b)(6) designee must have first-hand knowledge of the relevant subject matter, the Court in *Village Creek* only spoke of personal knowledge in determining the applicability of Rule 11 sanctions. *See id.* at 359 ("Application of Rule 11 in the present case is all the more inapplicable in light of the circumstance that none of Plaintiff's representa-

tives participated in the underlying transaction.").

### B. *Attorney–Client Privilege*

The SEC next argues that Morelli's proposed deposition should be barred because it is an unwarranted invasion of the attorney-client privilege. According to the SEC,

> Depositions of counsel in a litigation are strongly discouraged.... Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Fed.R.Civ.P. 26(c) protective order unless the party seeking the deposition can show both the propriety and need for the deposition.

Plaintiff's Motion, at 13. In response, Morelli asserts that the information being sought in the deposition is not covered by the attorney-client privilege, that assertion of the privilege is premature, and that the claim of privilege is not sufficient to warrant a blanket refusal by the SEC to attend the deposition.

■ The attorney-client privilege "protects '[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance.'" *In re Grand Jury Subpoenas,* 959 F.2d 1158, 1165 (2d Cir.1992) (quoting *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976)); *accord Upjohn Co. v. United States,* 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981); *Chase Manhattan Bank, N.A. v. Turner & Newall, P.C.,* 964 F.2d 159, 164 (2d Cir.1992) ("The attorney-client privilege prohibits disclosure ... of confidential communications as evidence at trial.").[1] Under Local Civil Rule 46(e)(2), a party that raises a claim of the privilege to an interrogatory or a document request bears the burden of stating the basis for the claim of the privilege with specificity. *See also Gould Inc. v. Mitsui Mining & Smelting Co.,* 825 F.2d 676, 679 (2d Cir. 1987) (citing Rule 46(e)(2)).

■ In the case at bar, the SEC has failed to demonstrate that the specific categories of information sought by defendant are privileged. Morelli's Notice of Deposition delineates six factual lines of inquiry, and does not request the SEC and its attorneys to divulge the substance of attorney-client conversations that focused on the provision of legal advice. *See, e.g., In re Grand Jury Subpoenas, supra,* 959 F.2d at 1165 (attorney-client privilege " 'attaches not to the information but to the communication of the information'" (quoting *United States v. Cunningham,* 672 F.2d 1064, 1073 n. 8 (2d Cir.1992)). In fact, rather than enumerating the specific privileged communications that would be revealed, the SEC relies on the generalized assertion that the proposed deposition would necessarily involve revealing "discussions with counsel." Plaintiff's Motion, at 14. In the absence of specific references by the SEC to privileged communications that would be revealed by allowing the deposition to proceed, the Court rejects plaintiff's argument that the Rule 30(b)(6) deposition would infringe on the attorney-client privilege.

### C. *Work Product Doctrine*

■ The Court turns next to plaintiff's claim that Morelli's Notice of Deposition improperly seeks discovery of material that is protected by the work-product doctrine, and finds that this argument is a proper basis for barring the Rule 30(b)(6) deposition of the SEC. "The work-product privilege protects 'work product of the lawyer' by prohibiting 'unwarranted inquiries into the files and the mental impressions of an attorney.'" *In re Grand Jury Subpoenas, supra,* 959 F.2d at 1166 (quoting *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947)). As explained by the Second Circuit, the touchstone of the work-product inquiry is whether the discovery demand is made "with the precise goal of learning what the opposing

---

1. Since the privilege extends to parties who act as agents of the attorney, *see von Bulow v. von Bulow,* 811 F.2d 136, 146 (2d Cir.1987), the Court rejects Morelli's argument that the SEC can designate its investigator, Gayle Carter, as the Rule 30(b)(6) deponent, without risking a breach of the attorney-client privilege.

attorney's thinking or strategy may be." *Id.*

As codified in Fed.R.Civ.P. 26(b)(3), attorney work product is only discoverable if the party seeking the disclosure demonstrates "substantial need of the materials ... and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even when work product is discoverable, the Court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* In fact, the Second Circuit has recognized that the work product doctrine can protect an attorney's selection and arrangement of documents in certain narrow circumstances, despite the fact that the documents themselves are not privileged. *See Gould Inc., supra,* 825 F.2d at 680 (cited in *In re Grand Jury Subpoenas, supra,* 959 F.2d at 1166–67); *accord Shelton v. American Motors Corp.,* 805 F.2d 1323, 1328–29 (8th Cir. 1986); *Sporck v. Peil,* 759 F.2d 312, 316 (3d Cir.), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985).

Based on a review of the areas of inquiry highlighted in Morelli's Notice of Deposition, the Court finds that the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC. Given plaintiff's sworn, uncontroverted statement that all relevant, non-privileged evidence has been disclosed to the defendants, the Court is drawn inexorably to the conclusion that Morelli's Notice of Deposition is intended to ascertain how the SEC intends to marshall the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated. However, as explained by the Third Circuit,

> Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses. Such material is accorded almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases.

*Sporck, supra,* 759 F.2d at 316 (citations omitted); *accord Berkey Photo, Inc. v. Eastman Kodak Co.,* 74 F.R.D. 613, 616 (S.D.N.Y.1977) (barring discovery of "counsel's ordering of the 'facts,' referring to the prospective proofs, organizing, aligning, and marshalling empirical data with the view to combative employment that is the hallmark of the adversary enterprise").

Moreover, barring the deposition of the SEC is a result that accords with the negative light in which depositions of opposing counsel are held. As stated in *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 85 (M.D.N.C.1987)

> Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed.R.Civ.P., protective order.... [D]eposition of the attorney [usually] merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine— that involving an attorney's mental impressions or opinions.

*See also Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578, 593 (N.D.N.Y.1989) ("[T]he deposition of counsel increases the likelihood that the attorney will be called as a witness at trial. Under such circumstances the attorney would normally be disqualified from providing further services."); *Securities and Exchange Commission v. World–Wide Coin Investments, Ltd.,* 92 F.R.D. 65, 67 (N.D.Ga.1981) (barring deposition of SEC trial counsel). Accordingly, plaintiff's motion for a protective order, barring the Rule 30(b)(6) deposition of the SEC, is granted.

**48**

Despite this result, Morelli is not precluded from all inquiry into the contentions of the SEC. Given plaintiff's stated willingness to respond to interrogatories under Fed.R.Civ.P. 33(b), this discovery device represents an appropriate method for Morelli to inquire into the SEC's contentions. *See* Plaintiff's Reply, at 15 ("contention interrogatories are not just a viable alternative, but the proper discovery device under the circumstances"). In fact, the use of contention interrogatories is expressly authorized by Local Civil Rule 46(b) "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Moreover, in circumstances similar to the case at bar, the use of contention interrogatories has been authorized in the face of work product objections. *See, e.g., McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 286–87 (N.D.Cal.1991) (Brazil, Mag. J.), *rev'd on other grounds,* 765 F.Supp. 611 (N.D.Cal.1991) (barring Rule 30(b)(6) deposition and permitting contention interrogatories for discovering "the bases for the contentions made and for the positions taken"); *Niagara Mohawk, supra,* 125 F.R.D. at 594 (recognizing viability of interrogatories as alternative discovery method).

### CONCLUSION

For the foregoing reasons, plaintiff's motion for a protective order barring defendant Morelli from taking the deposition of the SEC hereby is granted. Defendant hereby is granted leave to serve contention interrogatories on the SEC within 30 days. The parties hereby are ordered to appear for a status conference on October 23, 1992, at 11:30 A.M., in Courtroom 36 of the United States Courthouse, New York, New York.

SO ORDERED.