**Mohamed EID, et al., Plaintiffs,**

v.

**KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. ("KLM") and Delta Air Lines, Inc., Defendants.**

**No. 14cv9066–PKC–FM.**

United States District Court, S.D. New York.

Signed Oct. 2, 2015.

Thatcher Alden Stone, The Stone Law Firm, J. Joseph Bainton, Bainton Lynch LLP, New York, NY, for Plaintiffs.

Stephen J. Fearon, Allison Marie Surcouf, Bartholomew James Banino, New York, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

FRANK MAAS, United States Magistrate Judge.

In this action, plaintiffs Mohamed Eid, Amanda Noll, and Amanda Noll on behalf of her minor child (collectively, the "Plaintiffs") seek damages arising out of their detention by police in Cairo, Egypt, after they were refused boarding on a KLM return flight to the United States. The Plaintiffs advance claims of negligence, malicious prosecution, and intentional infliction of emotional distress against defendants, KLM and Delta Air Lines, Inc ("Delta," and together with KLM, the "Defendants"). Delta issued the Plaintiffs their airline tickets for the flight; KLM was the carrier actually operating the flight.

The Plaintiffs have now moved for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, based upon alleged deficiencies in the testimony of witnesses produced by the Defendants pursuant to Rule 30(b)(6) of the Federal Rules ("Rule 30(b)(6)"). (ECF No. 52). For the reasons set forth below, that motion is denied.

I. *Relevant Facts*

On November 24, 2013, the Plaintiffs were scheduled to travel on a KLM flight from Cairo, Egypt, to the United States. (ECF No. 52 (Pls.' Mem. of Law in Supp. of Mot. in Limine) ("Pls.' Mem.") at 3). As they were checking in, the Defendants' employees or contractors identified a ticketing issue. (ECF No. 50 (Defs.' Mem. of Law in Opp. to Mot. in Limine) ("Defs.' Mem.") at 1). The Plaintiffs consequently missed their flight.

What transpired next is highly contested. Mohammed Abelmoneim ("Abelmoneim"), a check-in agent and employee of Egyptian Aviation Services ("EAS"), a ground handling company contracted by KLM to check in passengers, alleged that the Plaintiffs "curse[d]" him after they missed their flight. (Pls.' Mem. Ex. A ("Police Rep.") at 1). He

filed a police complaint against the Plaintiffs, which was supported by the statements of other employees of the Defendants. (*Id.*). The Plaintiffs contend that these statements were retaliatory and false. (ECF No. 53 (Pls.' Reply Mem. in Supp. of Mot. in Limine) at 3–4). They seek damages allegedly arising out of their subsequent interaction with, and detention by, the police. (Pls.' Mem. at 4).

Discovery commenced in or around February 2015. (ECF No. 24). On February 9, 2015, the Plaintiffs noticed the deposition of a corporate representative of KLM pursuant to Rule 30(b)(6). (Pls.' Mem. Ex. B). The notice specified the matters about which the representative would be questioned, which included "the events transpiring at the Cairo airport and at the police station." (*Id.* at 2). On April 27, 2015, I directed that this deposition be completed by May 31, 2015. (ECF No. 34).[1] Between May 27 and May 29, 2015, Plaintiffs deposed four corporate representatives produced by the Defendants pursuant to the Rule 30(b)(6) notice. Subsequently, during a conference on July 22, 2015, the Plaintiffs questioned the adequacy of these witnesses, noting that Abelmoneim, the EAS employee who refused to board them, had not been produced. (*See* ECF No. 45 at 7–12). Although I expressed doubt that there was any duty to produce a "third party ticket agent," and noted that there would be an opportunity to depose Abelmoneim prior to trial if the Defendants intended to call him as a trial witness, the Plaintiffs continued to press for the exclusion of "any other evidence on what happened at the airport" based on the failure to produce him as a Rule 30(b)(6) witness. (*Id.* at 7, 10–11). Accordingly, I acceded to the Plaintiffs' request to file the present motion. (*Id.* at 12).

## II. *Applicable Legal Standard*

■ When a party seeks to depose a corporation, the "named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R.Civ.P. 30(b)(6). The designated organizational representative(s), in turn, must be able to "testify about information known or reasonably available to the organization," id., and must provide "complete, knowledgeable and binding answers on its behalf," *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir.1999) (quoting *SEC v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992)) (internal quotation marks omitted). The organization thus "must make a conscientious good faith endeavor to designate the persons having knowledge of the matters [identified] . . . and to prepare those persons in order that they can answer fully, completely, [and] unevasively, the questions posed . . . as to the relevant subject matters." *Mitsui & Co. (USA) v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R.1981).

■ Under Rule 37 of the Federal Rules, the Court may order sanctions if "a person designated under Rule 30(b)(6) . . . fails . . . to appear for that person's deposition." Fed. R.Civ.P. 37(d)(1)(A)(i). Courts treat the production of an unprepared Rule 30(b)(6) witness as "tantamount to a failure to appear." *Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y.1997)). Nonetheless, "for the court to impose sanctions, the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Id.*

## III. *Discussion*

The Plaintiffs contend that the Defendants should be sanctioned for producing Rule 30(b)(6) witnesses who were inadequately prepared to answer questions about the events that took place at the Cairo airport. More specifically, they argue that the Defendants should have produced Abelmoneim or, alternatively, that the deponents at least should have conferred with him. According to them, Abelmoneim "had the primary interaction with the Plaintiffs" during the incident. (Pls.' Mem. at 8).

---

1. In an effort to save costs, the parties also agreed, and I directed, that any trial witnesses not produced during the discovery phase of the case would be deposed in New York at least one week prior to the trial. (ECF No. 42 at 12).

As an initial matter, it was not improper for the Defendants to fail to produce Abelmoneim. "[I]t is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party." *Rodriguez v. Pataki*, 293 F.Supp.2d 305, 311 (S.D.N.Y.2003). Here, the Defendants met that burden. Three of the Rule 30(b)(6) witnesses that the Defendants produced were in Cairo on the day of the incident and had personal knowledge of what transpired. (Defs.' Mem. at 2). Indeed, following the incident, two of those deponents made statements to the police. (Police Rep. at 3, 6).

Whether the Defendants' Rule 30(b)(6) witnesses should have consulted with Abelmoneim before testifying is a closer question. Under Rule 30(b)(6), "[t]he responding party must 'prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013) (quoting *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198(LAK)(JCF), 2009 WL 773344, at *1 (S.D.N.Y. March 18, 2009)). For that reason, Rule 30(b)(6) witnesses are expected to prepare by gathering *corporate* knowledge. In this action, however, the Plaintiffs do not take issue with the Defendants' failure to gather information from their own employees, but rather from a third-party contractor.

In *Twentieth Century Fox Film Corporation v. Marvel Enterprises, Inc.*, No. 01 Civ. 3016(AGS)(HP), 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002), Magistrate Judge Henry Pitman considered whether a corporation has a duty to produce a Rule 30(b)(6) witness who has knowledge of matters known by its subsidiary or affiliate. Drawing on the standards applicable to interrogatories and document requests, Judge Pitman concluded that the corporation should be required to produce information under its control. 2002 WL 1835439, at *4. Applying that test, the court required that Twentieth Century Fox pro-

duce a witness "prepared with the knowledge" of its direct subsidiary. *Id.* at *5; *see also Soroof*, 2013 WL 1286078, at *3 (information requested of corporate defendant with seat on third-party corporation's board is within defendant's knowledge and control).

In an effort to establish the requisite degree of control in this case, the Plaintiffs cite language in the "handling agreement" between KLM and EAS which states that KLM "may at its own cost ... audit ... designated services," provided that it furnishes EAS with "prior written notice" of "the area(s) to be audited." (Pls.' Mem. Ex. L ¶ 5.9). In another section of the same agreement, KLM and EAS agreed that EAS would "supervise and manage its own activities." (*Id.* ¶ 5.11). Since the Plaintiffs have not furnished the Court with Article 5 of the agreement in its entirety, it is not wholly clear what the parties intended to accomplish through the audit clause. In any event, the audit language, standing alone, lends little support to the Plaintiffs' argument. It does not suggest that KLM has the authority to interview an EAS employee who is accused of wrongdoing in a pending lawsuit, much less compel him to testify at a deposition in the United States. Accordingly, the Plaintiffs have not met their burden of establishing that the Defendants' preparation of their Rule 30(b)(6) witnesses was deficient. The Plaintiffs motion must therefore be denied.

## IV. *Conclusion*

For the reasons set forth above, the Plaintiffs' motion for sanctions is denied.

SO ORDERED.