Filed 12/12/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01776

| | |
|---|---|
| Garnet Transport Medicine, LLC and Ryan T. Ferris,<br>     Plaintiffs<br><br>v.<br><br>Richards Incorporated, d/b/a The Richards Group,<br>     Defendant | DECISION ON MOTIONS |

## RULING ON MOTIONS FOR PROTECTIVE ORDER AND SANCTIONS

This action arises out of Defendant's alleged failure to obtain Directors & Officers insurance for Plaintiffs, which Plaintiffs allege forced them to settle litigation that would otherwise have been worth millions of dollars. Currently pending before the Court are Defendant's motion and emergency motion for a protective order concerning Plaintiffs' effort to take its deposition pursuant to Rule 30(b)(6) of the Vermont Rules of Civil Procedure. Plaintiffs have also filed a motion seeking sanctions for Defendant's failure to appear at the noticed deposition. Plaintiffs Ryan Ferris and his company, Garnet Transport Medicine, LLC ("Garnet"), are represented by Robert Bradley Fawley, Esq. Defendant Richards Incorporated, d/b/a The Richards Group ("Richards") is represented by Robin O. Cooley, Esq.

By way of brief background, Plaintiffs expressed the desire to take Defendant's Rule 30(b)(6) deposition in January 2025, and provided defense counsel with a draft of the proposed topics. Defendant did not raise any issues with the proposed topics. The parties discussed dates, but for various reasons, the deposition was not scheduled and in fact, Plaintiff's counsel suggested putting off the deposition until after the Court ruled on Plaintiffs' motion to dismiss Defendant's counterclaims. In mid-October 2025, Plaintiffs decided to move forward with the deposition and requested dates from Defendant. On November 3, 2025, defense counsel sent a letter to Plaintiffs' counsel with objections to the proposed deposition topics. In response, on November 5, Plaintiffs issued Defendant a formal deposition notice for November 21, 2025. Defendant told Plaintiffs its designated representative was unavailable on that date, but Plaintiffs refused to reschedule the deposition. Defendant indicated it would move for a protective order. In an email, Plaintiffs' counsel then indicated he would reschedule, but only if Defendant agreed not to move for a protective order, which Defendant declined. On November 11, Defendant filed for a protective order. Then on November 13, Defendant filed an emergency motion for a protective order or expedited briefing schedule in an attempt to obtain a ruling from this Court

prior to the deposition. In the Reply memorandum, defense counsel represented that on November 15, Defendant's representative sustained significant injuries to his face, head and arm, requiring medical treatment and making it impossible to prepare and sit for a deposition a week later. Defendant informed Plaintiffs, but counsel refused to reschedule, indicating that another witness should be chosen (although Plaintiffs were sorry to hear of the injuries). Apparently, Plaintiffs went forward with the deposition even after defense counsel notified counsel the witness would not appear, and they now seek sanctions for the failure to appear.

Discussion

Rule 26(c) of the Vermont Rules of Civil Procedure provides that "upon good cause shown, a judge may make an order to protect a party from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Schmitt v. Lalancette*, 2003 VT 24, ¶ 15, 175 Vt. 284 (quoting V.R.C.P. 26(c)). A party seeking a protective order bears the burden of establishing that good cause exists, and "must present allegations of injury with some specificity." *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1114 (3d Cir.1986)). Thus, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quoting *Cipollone*, 785 F.2d at 1121)). As one federal district court explained,

> [T]he harm must be significant, not a mere trifle. The showing necessary to establish such potential harm depends upon the type of harm being threatened and the type of order being sought. At the least, the moving party must provide the court with information from which it can reasonably conclude that the nature and magnitude of the moving party's interest are such that protective intervention by the court is justified.

*Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (quotations and citations omitted).

In addition, "[u]nder Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "The organization thus must make a conscientious good faith endeavor to designate the persons having knowledge of the matters identified and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed as to the relevant subject matters." *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015) (quotation omitted); *see also Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998) (noting that "the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party," because "the purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party" (citations omitted)).

Defendant's motion raises four issues, which the Court addresses in turn. First, Defendant requests that the Notice of Deposition issued for November 21 be quashed. Given that the date has passed and the deposition did not go forward, the Court considers this request to be moot. That said, the Court expects members of the Vermont bar to fulfill their broader duty to

2

the state legal system to act with "personal dignity and professional integrity," to treat each other with courtesy, and to conform to the highest standards of civility and professionalism, including working together to schedule depositions and reasonably accommodating each other's requests for extensions and scheduling changes when needed. *See* Vermont Bar Association, Guidelines of Professional Courtesy, adopted March 11, 1989. Accordingly, counsel shall confer in good faith to find a mutually convenient date to reschedule the Rule 30(b)(6) deposition, consistent with the Court's rulings below.

Second, Defendant seeks an order that the Rule 30(b)(6) deposition not go forward until Plaintiffs produce overdue discovery.[1] The fact that Plaintiffs owe outstanding discovery responses does not present good cause to issue a protective order in this case to prevent the deposition from occurring. It is well settled that the discovery process is not a tit-for-tat endeavor. *See, e.g.*, *Novitzky v. Transunion LLC*, No. 2:23-cv-04229, 2025 WL 1723168, at *5 (C.D. Cal. May 12, 2025) (noting that, "simply put, discovery is not conducted on a 'tit-for-tat basis'" (quotation omitted)); *see also* V.R.C.P. 26(d) (unless ordered otherwise, "methods of discovery may be used in any order"). Third, the Court similarly declines to order that the Rule 30(b)(6) deposition should be limited to one day. At this stage, Defendant has not shown that sitting for the deposition for more than seven hours would be burdensome or disproportionate to the needs of the case, and stating in the notice that a deposition will continue day to day until complete is a fairly standard practice. Moreover, the number of topics noticed in a Rule 30(b)(6) deposition is not itself determinative of burden, particularly given a party's obligation to state the topics with particularity. Therefore, Defendant's request for protective order on such grounds is denied without prejudice.

Fourth, Defendant raises objections to various of Plaintiffs' noticed deposition topics. Defendant asserts that some topics call for disclosure of counsel's mental impressions or work product, other topics are not stated with particularity, and certain topics call for information about a former employee. Again, except as discussed further below, Defendant has not demonstrated the topics are wholly improper on their face. As a general matter, "depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories." *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). Thus, "[w]hile asking a 30(b)(6) witness about facts is entirely appropriate, the lay witness should not be expected to testify as to how any such facts form the basis of a legal affirmative defense." *Neponset Landing Corp. v. NW. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D. Mass. 2011); *see also* *Cook v. Lynn & William, Inc.*, 344 F.R.D. 149, 154 (D. Mass. 2023) ("Where a party seeks not only facts but an explanation of the legal consequences of said facts, contention interrogatories are a better discovery vehicle than a Rule 30(b)(6) deposition." (citation omitted)). However, when "a corporation produces an employee under [Rule] 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through a firm's corporate lawyers." *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008) (quotation omitted).

---

[1] This discovery was the subject of the Court's recent decision on Defendant's Motion to Compel.

3

Here, if Defendant has no knowledge of the topic's subject matter other than facts learned by its counsel through the litigation, the witness may say so and/or counsel may raise an objection. *See, e.g.*, *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("Even under the present-day liberal discovery rules, the recipient of a Rule 30(b)(6) request is not required to have counsel marshall [sic] all of its factual proof and prepare a witness to be able to testify on a given defense or claim." (quotation omitted)). On the other hand, if Defendant intends or would need to testify regarding the facts in question in order to establish a claim or defense at trial, then Plaintiffs are entitled to inquire about such facts and the basis for Defendant's assertions. In short, the Court declines to issue any protective order at this time. Defendant is free to raise objections to specific questions as they are posed during the deposition, and the Court anticipates that its guidance will be helpful to the parties in conforming their behavior to the law and to the standards of professionalism and civility expected by this Court.

Regarding Defendant's remaining objections, the "duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which the designee was personally involved," and includes review of documents and information possessed by past employees, where reasonably available. *Id*. at *3 (quotation omitted); *see also id*. ("If necessary, the deponent must use documents, past employees, and other resources in performing the required preparation."). Therefore, Defendant has not demonstrated good cause for a protective order simply because the proposed topic concerns the actions of a former employee who may also be deposed. As for the two topics Defendant asserts require greater specificity, the Court agrees that Topic 34 regarding "Swiss Re Corporate Solution Capacity Insurance Corporation's reservation of rights" is overbroad. *Cf. id*. (explaining that "discovery requests seeking information 'related to' a particular topic are overly broad because they do not provide a basis upon which an individual or entity can reasonably determine what information may or may not be responsive"). However, in their Opposition, Plaintiffs limited this topic to "the scope of the reservation of rights that may limit coverage provided by Swiss Re." This revision should be sufficiently particular to allow Defendant to prepare its witness. Next, the Court is not persuaded that Plaintiffs' Topic 12 is unclear or overbroad, as it should be reasonably understood in light of the parties' pleadings. Lastly, the Court finds that Topic 38 is an improper attempt to challenge Defendant's privilege log designations, and therefore the Court grants Defendant's request to disallow the topic. If Plaintiffs wish to explore or contest Defendant's assertions of privilege, the appropriate way to do so is through counsel and motion practice.

Finally, Plaintiffs move for sanctions based on Defendant's failure to appear at the deposition noticed on November 21, 2025. Despite defense counsel's initial objection and statement to Plaintiffs' counsel that Defendant's representative was not available on that date, the subsequent notice that the designated witness had been injured and required medical treatment, and counsel's email the night before the deposition confirming they would not attend, Plaintiffs' counsel appeared at the deposition location with the court reporter. While the Court understands that Plaintiffs' counsel did not believe Defendant's motion for protective order had merit, and was apparently frustrated that defense counsel was raising objections to the deposition topics that might delay the "legitimate discovery" of the corporate representative, it was patently unreasonable to refuse to continue the deposition in light of Defendant's unavailability, and even more so following the notice of the serious injury to Defendant's designated witness.

4

Particularly given that "adequately preparing a Rule 30(b) (6) deposition can be burdensome," *Trs. of Bos. Univ.*, 2014 WL 5786492, at *3, a party cannot seek to force an opponent to abandon their chosen corporate representative who becomes unexpectedly unavailable just six days before the deposition date. Thus, Plaintiffs were not justified in proceeding with the deposition on November 21, 2025, and the motion for sanctions is DENIED. *See* V.R.C.P. 37(d) (where party fails to attend its own deposition, court has discretion to "make such order in regard to the failure as are just," including awarding reasonable expenses and attorney's fees, "unless it finds that the failure was substantially justified or that other circumstances make an award of expenses unjust").

Order

For the foregoing reasons, Defendant's Motion for Protective Order (Mot. #24) is GRANTED IN PART AND DENIED IN PART, as discussed above. Defendant's Motion for Expedited Ruling or Hearing (Mot. # 25) is DISMISSED as moot. Plaintiffs' Motion for Sanctions (Mot. #26) is DENIED.

Consistent with the Court's rulings above, counsel shall confer in good faith within the next 30 days to find a mutually convenient date to reschedule the Rule 30(b)(6) deposition of Defendant.

Electronically signed on December 10, 2025 at 4:18 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge