The Court finds that Plaintiffs have violated their discovery obligations under a court order to describe the scope of their search for responsive documents as required by Superior Court Rule 30A, and that Commonwealth Real Estate Holdings LLC (“Commonwealth”) also violated its obligation to adequately prepare and produce a knowledgeable witness under Mass. R. Civ. P. 30(b)(6). In addition, the Court finds that Defendants are entitled to recoup reasonable attorneys’ fees as an appropriate sanction.
In December 2025, during a status conference, Defendants established that they had served document requests on the Plaintiffs, and that Plaintiffs had failed to produce 25 highly probative and responsive documents that Defendants instead obtained from third parties. This raised obvious concerns that Plaintiffs had failed to produce other responsive documents as well.
Judge Squires-Lee therefore ordered Plaintiffs, no later than December 31, 2025, to provide a description of their “search for responsive documents, consistent with Superior Court Rule 30A,” and to “identify with clarity the scope of the search that was conducted to provide responsive documents to the Defendants.” Rule 30A(3)© provides, in relevant part that, in responding to document requests:
[T]he responding party shall articulate with clarity the scope of the search conducted or to be conducted. … If the scope of the search does not include all locations, including electronic storage locations, where responsive documents or things reasonably might be found, the responding party shall explain why these locations have been excluded from the scope of the search.
 
                                                            -1-
 
Plaintiffs’ counsel sent a letter to Defendants’ counsel on December 31, 2025, that failed to comply with Judge Squires-Lee’s order or with Superior Court Rule 30A.
This letter represented that, during the Summer of 2022, prior counsel “asked Plaintiffs to provide them with their communications and all documents in their possession, custody, or control related to each of the Connecticut investments,” and asserts that “Plaintiffs did so, and sent [counsel] the Connecticut deal documents and the related communications they had in their possession, custody, or control.” The letter then describes in some detail what steps counsel subsequently took to review the documents provided to them by Plaintiffs to determine which were responsive and therefore should be produced.
But this letter provides no information whatsoever regarding the scope of the search that Plaintiffs conducted for responsive documents, does not identify which locations the Plaintiffs searched, and does not explain whether there were other locations where responsive documents might have been found or— if so—why the Plaintiffs did not search those other locations. The failure to provide this information was a serious violation of Judge Squires-Lee’s order and of Plaintiffs’ obligations under Rule 30A.
These violations are compounded by the prior violation by Commonwealth Real Estate Holdings, LLC, of its obligations under Rule 30(b)(6).
In June 2025, Defendants served a Rule 30(b)(6) deposition notice requiring Commonwealth to designate witnesses to testify on its behalf about various topics, including “Commonwealth’s document retention policies and practices” and “Commonwealth’s collection and production of documents in response to Andersen’s Document Requests.”
“To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available” one or witnesses who will “be able ‘to give complete, knowledgeable and binding answers’ on its behalf.” Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999), quoting Securities & Exchange Comm’n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); accord, e.g., Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1146 (10th Cir. 2007).
Rule 30(b)(6) provides that, “The persons designated must testify about information known or reasonably available to the organization.” “The corporation’s duty to prepare a Rule 30(b)(6) witness” therefore “extends,
 
                                                            -2-
 
‘beyond matters personally known to [the] designee,’ to all information reasonably available to the corporation, ‘whether from documents, past employees, or other sources.’ ” Fuentes v. Classica Cruise Operator Ltd, Inc.,     32 F.4th 1311, 1321–1322 (11th Cir. 2022), quoting Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006).
Commonwealth designated two witnesses to testify on its behalf about these topics, Nick Kleidon and Elle Burke.
When they testified in September and October 2025, however, neither witness had any meaningful knowledge about Commonwealth’s document retention policies or about what steps Commonwealth took to collect and produce responsive documents.
Commonwealth therefore breached its duty to identify a knowledgeable witness and to take all reasonably necessary steps to educate and prepare the witness. See, e.g., Sciarretta v. Lincoln Nat. Life Ins. Co., 778 F.3d 1205, 1213 (11th Cir. 2015) (affirming sanctions imposed because corporation’s Rule 30(b)(6) designee lacked knowledge about topics that could cast entity in bad light).
“[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), ‘[p]roducing an unprepared witness is tantamount to a failure to appear’ that is sanctionable under Rule 37(d).” Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000), quoting United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996); accord, e.g., Keepers, Inc. v. City of Milford, 807 F.3d 24, 36 n.57 (2d Cir. 2015); Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196, 197 (5th Cir. 1993).
The Court finds that the appropriate remedies for Plaintiffs’ misconduct are to order Plaintiffs (once again) to comply with Superior Court Rule 30A and fully describe the nature and limits of their search for documents, to produce a properly prepared Rule 30(b)(6) witness, and to pay Defendants’ reasonable attorneys’ fees for preparing and arguing their latest motion for sanctions and for reopening the 30(b)(6) deposition.
If Plaintiffs still fail to comply with their obligations, then further sanctions— including possible sanctions for spoliation of evidence—may be appropriate.
 
                                                            -3-
 
ORDERS
Defendants’ motion to compel further discovery and for sanctions (docket  no. 50) is allowed.
No later than April 24, 2026, Plaintiffs shall serve a supplemental disclosure that fully complies with the requirements of Superior Court Rule 30A(3)© to articulate with clarity the scope of the search that Plaintiffs conducted for responsive documents, identifies all locations that were searched, identifies any locations where responsive documents might reasonably have been found but were not searched, and explains why those latter locations were excluded from the scope of the search.
No later than May 8, 2026, Plaintiffs shall prepare and produce one or more witnesses who are able to testify knowledgeably, in accord with Mass. R. Civ. P. 30(b)(6), about the document retention policies and practices of Commonwealth Real Estate Holdings, LLC, and about Commonwealth’s collection and production of documents in response to document requests served by Andersen Tax LLC.
The Court orders that, as a sanction for violating a prior court order and court rules governing discovery, Plaintiffs shall pay to Defendants the reasonable attorneys’ fees that they incurred to prepare, file, and argue their most recent motion to compel and to prepare for and take a further Rule 30(b)(6) deposition on the topics listed above. The parties shall confer and try to reach agreement on the amount to be paid, as required by Superior Court Rule 9C. If they fail to do so, Defendants shall serve and then file a further motion seek an award of reasonable attorneys’ fees.
If Plaintiffs fail to provide a supplemental disclosure that complies with Superior Court Rule 30A, fail to produce a 30(b)(6) witness who is knowledgeable on the topics listed above, or both, then Defendants may serve and file a motion asking the court to infer that Plaintiffs failed to preserve evidence that they knew or should have known would be relevant to this litigation and asking the court to impose appropriate sanctions for that spoliation of evidence, or seeking other appropriate sanctions.
/s/Kenneth W. Salinger Justice of the Superior Court
March 26, 2026